## W. H. TOMLIN ET AL.
## V.
## A. A. BLUNT ET AL.

*Injunctions—Conveyance of Property for Religious Purposes—Stipulation—Repugnancy—Exclusion of Sect Entitled to Use of Edifice.*

1. The term "evangelical orders of Christians" in an instrument, is to be understood in its ordinary sense, and has no uncertain meaning.

2. A condition in a grant of property to a particular sect for church purposes, that the building when not in use by said sect "shall be open to all evangelical orders of Christians," is not repugnant to the grant.

3. The right to use such edifice at proper times may be enforced in the interest of any such order, in case of its wilful or malicious exclusion therefrom.

[Opinion filed February 21, 1889.]

APPEAL from the Circuit Court of Mason County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. E. A. WALLACE, for appellants.

As we understand the law it is the peculiar province of a court of equity to compel trustees to observe and perform their duty at the suit of any parties interested; as Perry puts it — "The *cestui que trust* may compel the trustee to the observance and performance of his duty, and if there is reason to suppose, or the court is satisfied, that the trustee is about to proceed in an unauthorized manner, an injunction will be granted to restrain the improper exercise of the legal power in the trustee * * * and so any person interested in the estate in common with others may, in behalf of himself and the others, procure the proper orders for the security of the property." Perry on Trusts, Sec. 816, and authorities cited. In this case the bill not only alleges, but the deed for the land on which the church stands, as also the subscription list, both of which are made part of the bill, show that this was not only trust property, but also that the trust was ex-

Tomlin v. Blunt.

pressed and declared both in the deed and subscription. If it be contended that the legal title is vested in the trustees, still they have no power to pervert the trust or prevent it being used in the manner and for the purposes declared in the instruments through which they acquired that title. Trustees Cong. Ch. v. Stewart, 43 Ill. 81. Three of the trustees are complainants; they are also a majority of the trustees and have the right to prevent the other two as well as other persons associating with the minority of the trustees, from perverting the trust. It has been held by our Supreme Court that each member of a church organized and incorporated according to the statute, becomes entitled to a beneficial interest in the property of the church, and that where the trustees of such an organization are guilty of a violation of the trust, a court of chancery has jurisdiction to correct such abuse, and that it is no objection to an injunction in such a case that the particular act of closing the church has been done, and that there is nothing to restrain like an act of trespass, but that the closing "is a continuing act and is designed to operate upon the complainants, to deprive them of their rights in the future as well as in the past." Brunnenmeyer et al. v. Buhre et al., 32 Ill. 183, 192. We apprehend that it will not be contended but what church property vested in trustees of a religious body is held under a trust, and that a court of equity will enforce the trust and hold the trust property to the uses for which it was given, and will by its restraining order prevent the property from being diverted from the original uses to which it was devoted or acquired. That this is the law where the religious body is incorporated, is well settled; and where it is conveyed to the trustees, and the church is afterward incorporated, and thereby the title becomes vested in the corporate body, a court of chancery will exercise the same powers, and compel the execution of the trust and restrain its perversion, to the end that the intention of the grantor or donor be carried out. Andrews et al. v. Andrews et al., 110 Ill. 223. The intention of the parties creating the trust must in all cases be carried out where practicable; especially is this true in cases of charities like the present. Heuser et al. v. Harris, 42

Ill. 425. Nor is there any difference in the application of the
rule or the jurisdiction of a court of equity, whether the body
is incorporated or not; the court will in either case compel
the execution of the trust or restrain its perversion. As is
shown by the facts set forth in the bill and the exhibits which
are made part of the bill, the trustees took the deed and
received the subscriptions, and the church was erected not
alone for the use of the Baptist, but all evangelical orders
of Christians had an interest therein, and there being no cor-
poration, any member of the Christian orders for the use of
which the trust was created, had the right to prevent the trust
from being perverted. This rule is even carried to the extent
of allowing merely members of a congregation to file the bill.
Trustees Cong. Ch. v. Stewart, 43 Ill. 85. In this case not
only members of the congregation, but three of the trustees,
as well as members of the Christian orders interested in the
use of the church, join in bringing the suit, not alone for
themselves, but also " on the part and in behalf of a large
majority of the congregation attending said church, as well as
the subscribers to the funds by which it was built." Two of
the respondents were also trustees, and these, with the other
respondents, who were outside parties, had already and were
continuing to prevent the property from being used in the
manner and for the purposes for which it was intended. The
demurrer admits that there was on the part of the respond-
ents a conspiracy to divert the church building and ground
from the use for which it was donated and acquired, and to
prevent all evangelical orders of Christians from using the
same except the Baptist. If said acts and admissions are
not sufficient to warrant a court of equity to interpose and
prevent the continuing wrong and compel the execution of
the trust, we apprehend there are none where the court would
interfere; but the books are full of authorities showing that
the court not only has the power, but it is its duty to take
jurisdiction in said cases.

Messrs. T. N. MEHAN and T. W. McNEELY, for appellees.

WALL, P. J. This was a bill in chancery by appellants

Tomlin v. Blunt.

against appellees.    It averred that appellants had contributed
to the erection of a church edifice upon the land described,
which land had, by two of the appellants, been conveyed to
three of the appellants and two of the appellees, who were
designated as trustees of the Walker's Grove Baptist church,
and their successors in office, for church purposes ; that the
conveyance was upon the express condition therein written,
" that the church to be situated on said land is to be open at
all times, when not used by the Baptist denomination, to all
evangelical orders of Christians ;" that the subscription list
upon which was raised the money to erect the building, pro-
vided that " said house when completed shall be free for the
use of all evangelical orders of Christians when not used by
the Baptists;" that for some years after the erection of the
building it was used by the Baptists and other said orders,
until the time mentioned in the bill, when the regular pastor
and minister of the Methodist order of evangelical Christians
and a large number of the congregation of said church
(including the said complainants in the bill), many of the con-
gregation being of the Methodist denomination, were unable
to gain admittance because the defendants in the bill had
placed a new lock upon the door, and that on other subsequent
occasions said Methodist order had been excluded, and that at
the times when such exclusion occurred, the building was not
in actual use by the Baptist order; that the defendants were
intending and so avowing, to exclude all except the Baptist
order from the use of said building, contrary to the terms of
the said conveyance.    An injunction was prayed restraining
the defendants from continuing such interference and by the
order of the circuit judge it was granted.    The bill prayed
for general relief.    At the succeeding term of the Circuit
Court the defendants interposed a demurrer to the bill.    The
demurrer was sustained, the bill was dismissed and damages
were assessed at $50.    From this order and decree an appeal is
prosecuted to this court, and the question is whether the bill
upon its face presented such facts as called for the relief
desired.    The appellees argue that the stipulation in the
conveyance is repugnant to the grant and is void for that
reason.    The grant is to certain persons, trustees of the

Baptist church, and to their successors in office, "for church purposes," and then as if to define and determine what church purposes were intended, it declares that the church building "is to be open at all times when not used by the Baptist denomination, to all evangelical orders of Christians." The condition is not only not repugnant but it is clearly consistent with the grant and with the avowed object of the grant.

Nor is it void because there is uncertainty as to those who may enjoy the use of the building. The term "Evangelical orders of Christians" is to be understood in its ordinary sense and is by no means indefinite. It is well understood.

The plain object of the grantors, and of the subscribers to the building fund, was that the house should be used for public worship by all evangelical orders of Christians, the Baptist to have the preference, and when that order was not so using it, any other such order might have the privilege. The grantees, while described as trustees of the Baptist church, were in effect made trustees for all the orders named, and when the Baptist denomination, by or through its trustees, assumed to exclude all others in the way alleged in the bill, the condition was violated. It is not argued that if the other denominations have the right claimed they can get adequate relief in courts of law, but it seems to be supposed that the relief sought is not practicable.

There may be difficulties in the matter of carrying out the details, but it seems probable that an injunction against the interference named would be sufficient.

If, however, the court should find there is a disposition to evade the decree, and by factious opposition to prevent the complainants from the enjoyment of their legal rights, it may appoint a custodian as prayed, or it may resort to such other expedients as the circumstances indicate. It will not permit its decree to be disobeyed or disregarded. Until the Baptist denomination have the facilities for constant use and do so use the building, it must be free to the other denominations according to the condition in the deed.

The decree will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*