PREFERRED MASONIC MUTUAL LIFE INSURANCE CO. *v.* GIDDINGS.

INSURANCE — MUTUAL COMPANIES — ARTICLES OF ASSOCIATION — FORM OF POLICY.

> A mutual life insurance company, organized under Act No. 187, Pub. Acts 1887, as amended by Act No. 58, Pub. Acts 1895, requiring such companies, in their articles of association, to state definitely the object of the incorporation, the classification of members, and the purpose of the classification, cannot, where its articles of association provide for the payment of policies only in the event of the *death* of the insured, issue a policy payable upon the occurrence of total disability.

*Mandamus* by the Preferred Masonic Mutual Life Insurance Company to compel Theron F. Giddings, state commissioner of insurance, to approve a certain form of policy. Submitted January 12, 1897. Writ denied April 27, 1897.

*Moore & Moore*, for relator.

*Theron F. Giddings, in pro. per.*, and *Fred A. Maynard*, Attorney General, for respondent.

MOORE, J. This is a proceeding commenced by the relator to compel the respondent to approve of the form of a policy containing, among others, upon certain conditions, provisions to—

*First*, issue a paid-up policy for such sum as the reserve will buy.

*Second*, pay one-half the reserve applicable for a surrender of the policy.

*Third*, pay one-half the face of the policy in case of total permanent disability.

*Fourth*, loan to the policy holder one-half of the reserve, to enable him to pay his premium.

It is the contention of the respondent that these provisions should not be allowed in the policy, for two reasons: *First*, because not authorized by the law of its incorporation; *second*, because not authorized by its articles of association.

The relator company was organized under the provisions of Act No. 187, Pub. Acts 1887, as amended by Act No. 58, Pub. Acts 1895. The third subdivision of section 3 of said Act No. 187 requires the articles of association to state "the object of the incorporation, the number of classes or divisions of members therein, and the object or purpose of such classification or division, all of which shall be definitely and correctly stated." The articles of association provide:

"Art. 3. The object of this incorporation is to insure the lives of its members, and thereby to secure to their beneficiaries a certain sum of money, payable at death; but only persons having insurable interest in the life insured shall be beneficiaries. There shall be only one class or division of members in this corporation, and each member shall be insured for a fixed sum, payable at death. Every applicant shall make and sign a written application for insurance, and shall undergo a careful physical examination by a physician of good repute, who shall make a detailed certificate thereof, and attach the same to such application, showing that the applicant is in good health, and recommending the issuing of the certificate or policy applied for."

Article 4 reads as follows:

"A regular fixed premium shall be required of each member, the amount of which shall be the estimated cost of the insurance, and shall be proportionate to the age of the member at the time the insurance is effected. No other premiums, payments, or assessments shall be required of any member unless the same is necessary to meet the obligations of the company, in which case assessments shall be made on the members in proportion to their regular premiums per thousand, for a sufficient sum to pay such obligations. The purposes and objects for which the moneys realized from the members are to be appropriated are to the payment of death losses and the expenses

of the corporation. There shall be two kinds of funds into which the money received by the corporation shall be paid. One fund shall be known, together with its accumulations, as the 'Reserve,' and shall be used for the payment of death losses. The other fund shall be known as the 'General Fund,' into which all other moneys of the company shall be put, and from which may be used moneys for the payment of death losses in cases of excessive mortality, and for the payment of all other disbursements and expenses of the company."

It will be noticed that there is no provision for the payment of the policies except upon the death of the insured. We do not think the articles of association authorize the issuance of policies payable upon the occurrence of total disability. It is not necessary to discuss the other question raised by the respondent.

The application is denied.

The other Justices concurred.