WHITE *v.* RICE.

1. DEEDS—CONSIDERATION—PAROL EVIDENCE.

It may be shown by parol that the consideration for a deed of property to a religious corporation for church purposes, which expressed a consideration of "one dollar and other consideration hereinafter stated," was a trust declared therein in favor of certain other denominations.

2. SAME—TRUSTS—USE OF CHURCH PROPERTY.

A deed of a site for a church building, which provides, as a part of the consideration, that the church shall, when not in use by the grantee, be open for use to certain other denominations, creates a valid trust in favor of the latter, which is enforceable in equity.

3. CORPORATIONS—POWER TO HOLD AS TRUSTEE.

A corporation with legal capacity to hold property may take and hold it in trust in the same manner and to the same extent as a private individual.

4. TRUSTS—RELIGIOUS SOCIETIES—CONSTRUCTION OF STATUTE.

Section 4640, 1 How. Stat., providing that no grant of land for religious purposes shall vest any title or interest in any person to whom such grant may be made unless the same shall be made to a corporation organized under some statute of this State, refers to the legal title or interest in the grantee or trustee, and not to the beneficiary; it being expressly provided by section 4637 that land conveyed in trust for the use of any congregation or religious society organized within this State shall be so held in trust for its use.

5. SAME—CHARITABLE TRUSTS.

Charitable trusts are enforceable in this State the same as they were at the common law, subject to the provision of our statute that all trusts must be fully expressed and clearly defined upon the face of the instrument creating them.

6. SAME—UNINCORPORATED SOCIETIES.

An unincorporated society or a voluntary association is, at common law, capable of taking as a beneficiary in a trust.

7. SAME—ENFORCEMENT OF TRUST—PARTIES.

The trustees and agents of an unincorporated religious society may, in behalf of all the members of the society, maintain a suit for the enforcement of a trust for the benefit of the society.

Appeal from Cass; Coolidge, J. Submitted January 13, 1897. Decided April 27, 1897.

Bill by Nathaniel White and others, as trustees and agents of the Methodist Episcopal Church, to restrain Samuel Rice, the Pleasant Valley Congregation of the Brethren Church, and others, from interfering with the use by complainants of a certain church building for religious services. Defendant the Pleasant Valley Congregation appeals from an order overruling its demurrer to the bill. Affirmed.

*Harsen D. Smith*, for complainants.

*Howell & Carr* and *L. A. Tabor*, for appellant.

LONG, C. J. This bill is filed for the purpose of obtaining an injunction restraining the defendants from

interfering in any way with the Methodist Episcopal Church Society and the complainants in using a certain church edifice in which to hold religious services, and to prevent the defendants from interfering with the complainants in opening and entering said church for religious services. Upon the filing of the bill an injunction was issued and served upon the defendants in accordance with the prayer of the bill. The defendant the Pleasant Valley Congregation of the Brethren Church filed a general demurrer to the bill, setting out that the bill did not state a cause which entitled the complainants to any relief whatever. The other defendants answered the bill. The cause came on to be heard on the demurrer. The court overruled the demurrer, without costs, and gave the defendant 30 days to answer. The appeal to this court is from the order overruling the demurrer.

It appears by the bill that the Pleasant Valley Congregation of the Brethren Church is a corporation organized and existing under chapter 170, 1 How. Stat.; that in 1890 it owned a church building, which burned during that year; that subsequently negotiations were entered into between the members of that corporation and the members of the Methodist Episcopal Church Society, called the "Bethel Class, Vandalia Circuit," and other persons in the neighborhood, to raise a common fund with which to rebuild such church edifice, and which it was agreed should be used, not only by the Pleasant Valley Congregation, but by other denominations in common with them,—that is, the Baptist, Disciple, Methodist, Congregational, and Presbyterian denominations. The Pleasant Valley Congregation then claimed to have $930, which had been obtained from insurance on the old building, and that, if $400 would be raised by the other parties who were interested in the erection of the church edifice, and not belonging to the Pleasant Valley Congregation, but belonging to the other denominations, the Pleasant Valley Congregation would build such church upon what was called "White's Four Corners," and that such

church should be open to worship by the other denomi-
nations above enumerated. The bill further charges that
Walter Clark, the minister in charge of the Pleasant
Valley Congregation, represented to the complainant
White and his wife, Ella White, that it would locate
such church upon White's Four Corners, on the land of
said White, if the site could be obtained therefor, and
that the complainant White stated that he would furnish
the site and donate $100 for erecting the building on the
express condition that it should be used only for church
purposes, and that when erected, and when not in use by
the Pleasant Valley denomination, it should be open for
use by the Methodist, as well as the Baptist, Congrega-
tional, Presbyterian, and Disciple churches; that in that
neighborhood there were people connected with said dif-
ferent denominations, either as members or in belief, and
that they wanted a church in which they would be at lib-
erty to worship; and that upon this condition, and no
other, would he give said site and contribute the $100;
that his proposition was accepted by said Walter Clark
in behalf of said church; and that a deed was made and
delivered on May 30, 1891. The deed expressed the con-
sideration of "one dollar and other consideration here-
inafter stated." After the description in the deed, it re-
cited: "For and during the period or term that said land
shall be used for church purposes, and no longer. Said
church, when on said site, shall, when not in use by the
party of the second part hereto, be open for use to the
following orthodox denominations, to wit, the Baptist,
Disciple, Methodist, Congregational, and Presbyterian,
—together with all and singular the hereditaments,"
etc. This deed was executed by Nathaniel White and
wife to the Pleasant Valley Congregation of the Breth-
ren Church, a body corporate under the laws of Michi-
gan. The bill further alleges that in 1894 the quarterly
conference of the Niles district authorized the pastor of
the Vandalia circuit to hold meetings in this building, and
then made it a part of the Vandalia charge, and called it

the "Bethel Class;" that the trustees of the Pleasant Valley Congregation, then denying that the complainants and the Methodist society had any right to occupy the church, excluded them therefrom.

The bill contains the usual prayer for injunction, as above set forth, and further prays that the verbal agreement by which the contributions were made may be decreed to be specifically performed, and that the deed be decreed to create a trust, and that such trust may be enforced. The injunction which was issued in the case contains the command to the defendants that—

"You do absolutely desist and refrain from interfering in any way with the said Methodist Episcopal church and society, and using said church to hold religious services therein, and preventing the said complainants from opening and entering said church in order that meetings may be held by the said church and society under the deed of conveyance of said church premises; and also restrained and strictly forbidden from preventing the Rev. H. H. Miller, or any other minister of said society, from entering said edifice as the minister and said pastor of the same, and in any manner interfering with him in holding religious services therein, and in his discharge of his duties as such pastor and minister in charge of such society, and to refrain from interfering in any manner with the rights of the said Methodist Episcopal church and society, or with the complainants, to open said church; that the same may be opened, used, and occupied for religious services; that the said church should be opened; and that you and each of you shall refrain and absolutely desist against locking the doors of said church, from locking said church against said complainants and the Methodist Episcopal church and society, until the further order of this court."

It is contended by counsel for the defendants:

(1) That, under the statute, a trust cannot be created or exist in real estate by parol; that the same must be evidenced by some writing.

(2) That the deed in controversy is not a trust deed.

(3) That the complainants cannot maintain this bill.

(4) That the injunction is too broad, as it, by its terms, takes the possession of the church property from the defendants, and turns it over to the complainants.

1. As to the first proposition, it may be said that the recitations in the bill simply show the surroundings and situation of the parties at the time of the execution of the deed, as well as the consideration for which the deed was given. Such consideration may always be shown by parol testimony.

2. We think the deed itself creates a trust in favor of the denominations named therein, which may be enforced in equity. Section 5573, subd. 5, 2 How. Stat., provides for the creation of a trust for the beneficial interest of any person, when such trust is fully expressed and clearly defined upon the face of the instrument creating it. No particular words are necessary to create a trust. *Chadwick* v. *Chadwick*, 59 Mich. 92. In the deed the trust is fully stated. Four hundred dollars was raised by the other denominations, and used in the building of the church edifice. The title to the property was taken in the Pleasant Valley society, but the deed expressly declares that "said church, when on said site, shall, when not in use by the party of the second part hereto, be open for use to the following orthodox denominations, to wit," etc. No other interpretation could be given to this language than that it was the intent of the parties to the deed that these other societies should have the use of this church edifice when not in use by the Pleasant Valley society; and the breach set out is that these other societies were denied absolutely the use of the church edifice at any and all times.

But it is said that a corporation has no powers except those conferred upon it by statute, and that the statute does not authorize it to act as a trustee in a trust, and that such power is *ultra vires*. We think it is now well settled that a corporation with legal capacity to hold property may take and hold it in trust, when authorized by law, in the same manner, and to the same extent, as private individuals may do. *Congregational Society* v. *Atwater*, 23 Conn. 34; *Mason's Executors* v.

*Trustees of M. E. Church*, 27 N. J. Eq. 47; *Maynard* v. *Woodard*, 36 Mich. 423; 4 Am. & Eng. Enc. Law, 218.

The claim that is made that the beneficiary in a trust for religious purposes must be a corporation organized under the laws of this State has no force. Section 4640, 1 How. Stat., refers to the legal title or interest in the grantee or trustee, and not to the beneficiary in the trust, as, under section 4637, the lands conveyed to any person as trustee may be held in trust for the use of any congregation or religious society organized within this State.

It is further contended that the beneficiaries named in the deed are indefinite, and that the trust, if sustainable at all, can only be sustained on the doctrine of charitable trusts, which is claimed to be founded on the English statute of charitable uses, and that this statute has never been adopted in this State. However this may be, trusts are enforceable in this State the same as they were at the common law, subject to the provision of our statute that they must be fully expressed and clearly defined upon the face of the instrument creating them. The beneficiaries here named are the members of the several specified denominations residing in the vicinity of the church. An unincorporated society or a voluntary association, like a religious society or denomination, is capable of taking as a beneficiary in a trust. *Universalist Society* v. *Fitch*, 8 Gray, 421; *Smith* v. *Bonhoof*, 2 Mich. 115. See, also, *Tomlin* v. *Blunt*, 31 Ill. App. 234.

3. The claim that the complainants are not proper parties to bring this bill has no force. They showed by their bill that they were the trustees and agents of the Methodist Episcopal Church, and were acting in behalf of themselves and all other members of said church, and all having a like interest. That question was settled in *Fuchs* v. *Meisel*, 102 Mich. 367.

4. We think the injunction does not turn the Pleasant Valley society out of the church building, but simply goes to the extent of preventing that society or its members

from locking the doors of the church against the other societies, and their members, named in the deed.

The order of the court below overruling the demurrer will be affirmed, with costs against the defendant.

The other Justices concurred.