LOUNSBURY *v.* TRUSTEES OF SQUARE LAKE BURIAL
ASSOCIATION.

1. PERPETUITIES—WILLS—TRUSTS—PERSONAL PROPERTY.

A bequest to trustees of a voluntary cemetery association, of a perpetual fund, the interest to be used to care for the graves on testator's lot, is void, as an attempt to create a trust in perpetuity.

2. SAME—REAL PROPERTY—DEVISES—CEMETERY.

A will devising a portion of testator's estate to trustees of a cemetery, to be used in building a fence around the cemetery, and in building a vault therein, containing no restriction on the alienation of the property, is valid; since the law will not infer a restriction contrary to law, if the inference is not necessary

3. SAME—VOLUNTARY ASSOCIATIONS—CEMETERY—TRUSTS.

A voluntary association may receive a bequest of personalty not charged with a permanent use.

4. SAME—CHARITABLE USES.

A conveyance by will of property to be used to build a fence and vault in a cemetery, to certain persons named in the testament as trustees, who, in fact, constitute a voluntary cemetery association, is not void; and they may, if real estate is included, convert it from real property into money, and apply the proceeds to the purposes specified by the will.

Appeal from Oakland; Chester, J., presiding. Submitted October 25, 1910. (Docket No. 107.) Decided December 30, 1910. Rehearing granted March 30, 1912. Reargued April 23, 1912. Former opinion affirmed October 1, 1912.

Bill by Robert J. Lounsbury, administrator *de bonis non*, with will annexed, of the estate of Noah Tyler, deceased, against trustees of Square Lake Burial Association, Luther W. Fisher, executor of the estate of Mary Tyler, deceased, Carrie Fletcher, Charles Miller, William

Miller, Noah Brown, and Albert Fletcher, special administrator of the estate of Joseph Miller, deceased, to obtain a construction of the will. From a decree sustaining the will, defendants appeal. Modified and affirmed.

*Patterson & Patterson*, for complainant.

*McFarlan & Wilson*, for defendants.

HOOKER, J. Among other provisions of Noah Tyler's will are the following:

"*Fifth:* I give and bequeath the sum of One Hundred Dollars to the Trustees of the Square Lake Cemetery in the Town of Orion, Oakland County and State of Michigan, as a perpetual fund to be kept at interest by said Trustees and the interest used to take care of the graves on my lot in said cemetery and keep the said lot in order.

"*Seventh:* I give, devise and bequeath to my beloved wife, Mary Tyler, all my household goods and furniture and all my personal and real estate of every kind after the payment of the foregoing legacies to be used by her for her support, maintenance and comfort during her natural life or so long as she remains unmarried.

"And after the death or marriage of my beloved wife, Mary Tyler, I give and devise all the rest and residue and remainder of my estate to the Trustees of the Square Lake Cemetery to be used to build a good and substantial iron fence around the said Square Lake Cemetery and whatever is left after erecting said iron fence around the same, is to be used by said trustees to build a vault in said cemetery for the use thereof to be controlled by the Trustees of said cemetery."

Mary Tyler is dead.

Some of the heirs having questioned the validity of these provisions, the bill was filed by the administrator *de bonis non*, with the will annexed, to obtain a consideration of that question and a construction of the will.

The complainant claims that the fifth and seventh paragraphs of the will are in effect attempts to bequeath money in trust, and that the provisions are void, because in violation of the law against perpetuities. It is said that sec-

tion 5 requires the sum of $100 to be kept invested perpetually with a view to furnishing an annual sum, to be expended in keeping the cemetery lot and grave of testator in good condition, and that section 7 requires the investment of the residue of his estate in an iron fence and vault for said cemetery, to be controlled by its trustees. We marvel that an heir will contest such provision, but he has a right to do so.

That paragraph 5 is open to this construction, seems obvious. It is apparent from the fifth section that the testator gave the sum of $100, as a trust fund, in perpetuity, for it is so stated in unmistakable language. There is but one course for the trustees and their successors to take, viz., to keep the fund invested, and use the interest in the manner required by the will for all time. It was therefore void. See *Palms* v. *Palms,* 68 Mich. 379 (36 N. W. 419).

The seventh paragraph is a devise to certain trustees of the cemetery for definite purposes, viz., first, to build a fence around the cemetery; second, to use any remainder to build a vault in the cemetery " for the use thereof, to be controlled by the trustees thereof." It is not so clear that the seventh provision is void, as contrary to the laws against perpetuities. The testator bequeaths the residuum to trustees, to be expended in a certain way, viz., the construction of a fence upon a certain piece of land belonging to a corporation or voluntary association. It contains no restriction as to its use or disposition after its construction. It was apparently for the benefit of the cemetery, and upon its erection would be subject to such disposition as the cemetery association should see fit to make. The law will not infer a restriction contrary to law, if it is not a necessary inference.

The provision relating to the vault is similar. In the first place, there may be nothing left after paying for the fence. If there should be, there is nothing restrictive of alienation in the provision, unless it be the statement that it is " for the use of the cemetery, to be controlled by the

trustees of the cemetery." Had he added the words, "so long as they shall choose to keep the same," it would clearly show that no restraint of alienation was intended; but that was unnecessary. He directed the construction for the use and benefit of the cemetery. He could not and did not attempt in any way to restrain the trustees or the cemetery association, through its trustees, from making any disposition of the property, including the vault, that might be lawful. Hence there was no unlawful restraint of alienation required by the will.

Counsel contend that this association, being a voluntary one at the time the will was probated (though it has since been incorporated), could not be made a trustee, and that the provision is therefore void. We need not pass upon that question. If it be true that it was a voluntary association, it had the right to permit trustees of the testator's selection to expend money on its property. For his trustees, he selected the persons who should be trustees of the cemetery at the time his bequest should become effective, and their successors, and this was as plain a designation as any other. We say this upon the theory that a proper construction of the paragraph means this. But again counsel claim that the cemetery association, being merely a voluntary association, has not the capacity to receive and hold land, and therefor does not own the cemetery, and that it could not receive gifts of the fence and vault, that the only theory on which such a provision can be sustained is that it is a charitable use, which is an obsolete doctrine, if it ever existed in Michigan.

It is said that we held in *White* v. *Rice*, 112 Mich. 403 (70 N. W. 1024), the late Mr. Justice LONG writing the opinion, that:

"The claim that is made, that the beneficiary in a trust for religious purposes must be a corporation organized under the laws of this State, has no force. Section 4640, 1 How. Stat., refers to the legal title or interest in the grantee or trustee, and not to the beneficiary in the trust as, under section 4637, the lands conveyed to any

person as trustee may be held in trust for the use of any congregation or religious society organized within this State."

While this case was based on a statute, and therefore cannot be controlling in this case, the case of the *Estate of Ticknor*, 13 Mich. 44, makes it clear that a voluntary association has the capacity to take bequests of personalty, not charged with a permanent use. A learned opinion was written by the late Mr. Justice CAMPBELL, which has never been questioned in this State, and many authorities are in accord with it. See *Owens* v. *Missionary Society*, 14 N. Y. 380 (67 Am. Dec. 160, and note, 185); *Hadden* v. *Dandy*, 51 N. J. Eq. 154 (26 Atl. 464, 32 L. R. A. 627, and note); *White* v. *Rice*, 112 Mich. 409 (70 N. W. 1026), where we said:

"An unincorporated society or a voluntary association, like a religious society or denomination, is capable of taking as a beneficiary in a trust. *Universalist Society* v. *Fitch*, 8 Gray [Mass.], 421; *Smith* v. *Bonhoof*, 2 Mich. 115. See, also, *Tomlin* v. *Blunt*, 31 Ill. App. 234."

In the view we take of this case, the bequest can be sustained on another theory. It has been seen that this property has not been bequeathed directly to the society, but has been to trustees, who are competent to take and hold the property. Such a bequest is valid, and it may be that the same would be true of a devise. *Goesele* v. *Bimeler*, 5 McLean (U. S.), 223, Fed. Cas. No. 5,503; *Barnum* v. *Mayor, etc., of Baltimore*, 62 Md. 297 (50 Am. Rep. 219); *Trustees, etc.* v. *Shively*, 67 Md. 493 (10 Atl. 244, 1 Am. St. Rep. 412); *Halsey* v. *Protestant Episcopal Church*, 75 Md. 275 (23 Atl. 781); *Bartlet* v. *King*, 12 Mass. 537 (7 Am. Dec. 99); *Jackson* v. *Phillips*, 14 Allen (Mass.), 539; *Wellbeloved* v. *Jones*, 1 Sim. & S. 40, 1 L. J. Ch. 11; *Schmidt* v. *Hess*, 60 Mo. 595.

In *Conklin* v. *Davis*, 63 Conn. 377 (28 Atl. 537), it was held that a bequest to trustees for the benefit of a Sunday school (unincorporated) was valid. It is not improbable that some of these cases are made to turn upon

the doctrine of charitable uses, but all do not, and Mr. Justice CAMPBELL has so shown in the case of *Estate of Ticknor, supra. Beatty* v. *Kurtz,* 2 Pet. (U. S.) 566.

It is claimed that the seventh paragraph of the will was an attempt to devise lands, but we see no reason why the trustees might not take a devise, and by converting it into money, as the testator evidently contemplated, obtain means wherewith to build the fence and vault, which testator had the right to have done for the benefit of those constituting the cemetery association, of which he was a member at the time of his death.

A decree may be taken in conformity to this opinion. Neither party will recover costs.

BIRD, C. J., and OSTRANDER, MOORE, and STONE, JJ., concurred.

### ON REHEARING.

MOORE, C. J. This case was argued and submitted some time ago. The late Justice HOOKER wrote an opinion, which was signed by all the Justices who sat in the original hearing. Later a reargument of the case was granted before all the Justices, and the reargument has been had. I was satisfied with the opinion of Justice HOOKER when it was handed down, and I am still satisfied with it. For that reason I deem it unnecessary to say more than to refer to that opinion. It is reported *ante,* 645 (129 N. W. 36).

STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred. BLAIR, J., did not sit.