51    623
s17NW  208
132    615,

IN THE MATTER OF THE ESTATE, OF SOLOMON O. KINGS-
BURY AND SAMUEL P. BENNETT, INSOLVENTS.
APPEAL OF WILLIAM B. LEDYARD, ADMINISTRATOR FOR
MOSES V. ALDRICH.

*Trusts—Proceedings in equity on death of trustee.*

'Trusts belong to the jurisdiction of equity; and the remedies connected
therewith are so identified with the procedure that no departure from
the general practice can be had unless permitted by statute or by
rule of court.

ʻComp. L. ch. 148 in authorizing the court of chancery to appoint some
person to complete the execution of a trust when the original trustee
has died, resigned or been removed, does not apply to trusts in per-
sonalty but in real estate.

A trustee can be appointed by a court of equity to take the place of one
who has died without completing the execution of his trust, or has
become incapable of acting. And in proper proceedings instituted
in behalf of the trustee or of any one interested in the trust fund,
and begun by bill of complaint, with actual or substituted notice to
all parties concerned, the court will furnish such aid as from time
to time may be needed in the administration of the trust. But these
proceedings cannot be taken by petition.

Appeal from Kent. (Montgomery, J.) June 21.—Oct. 31.

Petition for dividends from assets in the hands of an as-
signee. Petitioner appeals. Dismissed.

*Norris & Uhl* for appellant.

*Taggart & Wolcott* for claimants.

SHERWOOD, J. This is an appeal from an order of the
circuit judge of Kent county, made for final distribution of
the assets of the insolvents.

In 1876 Kingsbury and Bennett were partners, doing
business in the city of Grand Rapids, and the firm was insolv-
ent. The firm had property and Kingsbury had individual
property, but both the firm and the individuals composing

the same were insolvent. On the 22d of April, 1876, the firm, and Kingsbury, individually, by the same instrument, made a general common-law assignment for the benefit of all the creditors of the firm and Kingsbury, without preference, to Truman H. Lyon. Bennett had no individual property covered by the assignment. Lyon collected all the assets of the firm and nearly all belonging to Kingsbury, and died without completing the trust.

Under the order of the circuit court, Julius Houseman was, on the 6th of September, 1881, appointed in his place,* and entered upon the discharge of his trust, June 12th, 1882, and on the same day the court made an order requiring creditors of the insolvents to file proof of their respective claims with the register of said court, on or before July 17, 1882. Among the claims filed under this order was appellant's claim of $4391.94 against the firm, and also the same indebtedness to the same amount against the individual assets of Kingsbury. The indebtedness and amount thereof are not contested. The indebtedness was upon two notes made by the firm, payable to the order of S. O. Kingsbury and endorsed by him, and secured by his mortgage on real estate. The mortgage had been foreclosed and the property all sold, and the proceeds applied to the payment of the notes, and the claim now presented was for the unpaid balance.

On the 28th day of November, 1882, Houseman, as trustee, by his petition to said circuit court, showed he had executed his trust, and that he then had of assets of the firm $1120.59 and of the individual assets of Kingsbury, $1246.-35 ready for distribution, and asked the order of the court approving his account, and for the direction of the court in making distribution of the assets collected.

On the hearing of this petition the appellant appeared before the court, and claimed to be entitled to a dividend from both funds on the debt he represented, which the court denied, and entered an order that appellant elect from which fund he would take his dividend; that he could not have a

*This appointment was made on the petition of Kingsbury and Bennett, reciting the facts.—REP.

dividend from both, and if he failed to make his election, the trustee, in making distribution, would take appellant's dividend from the copartnership fund. From this order appellant took his appeal to this Court, and we are asked to review the proceedings of the circuit judge in the matter and reverse the order appealed from.

On examination of the case the question of jurisdiction at once presents itself and is the first to be disposed of.

The cause was argued and submitted by counsel for the respective parties at the June term of this Court. The question, however, now suggested, was not raised on the argument or presented in the briefs of counsel on either side; and the discussion of the subject by them at the present term, on re-argument, has failed to give us any new light upon the question, or point out any provisions of law to support the proceedings had at the circuit.

The whole subject of trusts is one of equitable jurisdiction, well defined, and the general practice under the various branches has been of long standing, both in England and this country, and has become a part of the remedy itself, and no departure therefrom can be had, except authorized by statute or by the rules of court clearly making the change.

We have been referred to the provisions of chapter 148 of the Compiled Laws as furnishing sufficient authority for the proceedings taken in this case, but a careful examination of this chapter satisfies us that the provisions referred to apply to real estate, and not to personal trusts. It is conceded by counsel there is no other statute upon which the action at the circuit can be based. We are therefore left to the original jurisdiction of the court of chancery to furnish the remedy sought by the appellant in this matter.

Whenever a trust has been created, and the trustee appointed dies, or for other cause is incapable of discharging the duties of the trust, equity, when properly invoked, will appoint some suitable person to complete the execution of the trust; and upon proper proceedings taken in his behalf, or upon the part of any party interested in the trust property or fund, the court will furnish such aid as may become nec-

51 MICH.—40

essary, from time to time, in the proper administration of the trust, but in any case such proceedings cannot be instituted by petition. When they are taken all parties interested must have notice of the same, either actual or substituted, and on petition the latter cannot be obtained. Proceedings of this kind can only be had by bill of complaint. All parties may then in some way be properly brought before the court, which has ample power to do whatever may be just and equitable in the premises.

The petition in this case presented for the appointment of the trustee was not the proper proceeding to be taken. It gave the court no jurisdiction to make the appointment, and all action had thereunder is without proper authority.

The appeal must be dismissed, but without costs to either party as against the other.

The other Justices concurred.