112     683
s71NW   485
d130    325

CROWL *v.* GOODENBERGER.

1. SALE — CONDITION PRECEDENT TO DELIVERY — MEASUREMENT OF
   GOODS.
     One who has made a part delivery of lumber sold by him
     under a contract requiring the entire amount to be delivered
     within a limited time is not relieved from the obligation to
     furnish the remainder as agreed by the failure of the buyer
     to measure the part delivered.

2. SAME—APPORTIONABLE CONTRACT.
     A contract for the sale and delivery of a specified amount of
     lumber, "one-third two-inch and two-thirds one-inch," with-
     in a given time, is not apportionable, and the purchaser
     is not bound to accept a part only of the amount contracted
     for; especially if the part tendered is not in the prescribed
     proportions.

3. SAME—PART PERFORMANCE—NOTICE TO REMOVE GOODS—WHEN
   REQUIRED.
     Where the purchaser does nothing to indicate an acceptance
     of a part performance of the contract, he may recover back
     the full contract price from the seller, although he fails to
     notify the latter, before commencement of suit, to remove
     the lumber delivered.

4. DEBTOR AND CREDITOR—MODE OF PAYMENT—ELECTION.
     Where a debtor has the election to pay either money or
     property, if he fails to make tender on the day fixed for pay-
     ment he thereby loses his election, and the obligee has the
     right to demand money.

Error to Hillsdale; Lane, J.   Submitted February 2,
1897.   Decided May 25, 1897.

*Assumpsit* by Jacob L. Crowl against David A.
Goodenberger for goods sold and delivered.   From a
judgment for plaintiff, defendant brings error.   Affirmed.

*Guy M. Chester* and *Fred M. Twiss*, for appellant.

*Lockerby & Kinney*, for appellee.

LONG, C. J. On October 13, 1893, the plaintiff sold to the defendant a portable sawmill, or at least entered into a contract by the terms of which defendant was to have the mill for $400 worth of beech lumber. The plaintiff took back from the defendant the following agreement, the performance of which was understood to be full payment for the mill:

"I, D. A. Goodenberger, hereby agree to furnish Jacob L. Crowl $400 worth of beech lumber, at $12 per thousand, delivered; said lumber to be cut from merchantable logs; said lumber to be delivered within six months; lumber to be log run, one-third two-inch and two-thirds one-inch."

Pursuant to this agreement, defendant, during the years of 1893 and 1894, and previous to April 13, 1894, delivered to the plaintiff, at his mill yard, 19,500 feet of lumber, which was piled in plaintiff's yard as directed by him. A part of the lumber delivered was two-inch, and the balance one-inch. This lumber was retained by the plaintiff up to the time of commencement of suit, and not until some 11 months after did plaintiff notify defendant to remove it. It seems that no measurement was ever made of the lumber, and the defendant claims he did not deliver the balance for the reason that the plaintiff did not measure that already delivered, nor signify his acceptance of it. This action was brought to recover the price of the mill, and, on the trial, plaintiff had judgment for the full value of the mill, the lumber delivered not being accepted. The case was tried before the court without a jury. The court found that defendant delivered to the plaintiff 19,500 feet, and no more, but that the lumber so delivered was not in the proportion, as to thickness, that the contract called for, as nearly all of it was two-inch, and only a small part one-inch. The court further found that no application was ever made to the plaintiff by the defendant for the measurement of the lumber, and that the plaintiff did nothing indicating an acceptance of the same, unless his failure to notify defendant that he would not ac-

cept the same, before bringing suit, could be so construed; that, as matter of fact, the lumber could not be used to the best advantage by the plaintiff unless it were furnished in the proportion contracted for, as plaintiff was engaged in house furnishings, cabinet, and other kinds of work; that the suit was commenced for the purchase price of the mill about a month after the time within which the lumber should have been delivered; that the suit was brought May 15, 1894, and in May, 1895, plaintiff gave notice to the defendant to remove the lumber from his premises; that during that time nothing was said between the parties, regarding the lumber delivered, until the time this notice was given. The court found, as matter of law, that the contract for the furnishing of this lumber was not an apportionable one, and that the plaintiff was not obliged to accept the lumber delivered, and did not, as matter of law, accept it; that he could not, after the expiration of the terms of the contract, be required to accept the lumber, and was therefore justified in bringing the action for the purchase price of the mill.

1. It is contended on the part of the defendant that it was the duty of the plaintiff to measure the lumber, load by load, when delivered, and that his failure to do so relieved the defendant from performing on his part until the plaintiff had performed his part of the agreement as a condition precedent. There is nothing in the contract which provides for any measurement on the part of the plaintiff. He was to have $400 worth of lumber at $12 per 1,000, delivered; the whole amount of the delivery to be made within six months, and to be cut from merchantable logs, one-third two-inch and two-thirds one-inch. The failure to measure the lumber was no excuse for the failure of defendant to furnish the balance of the lumber.

2. It is further contended that the 19,500 feet of lumber was received by the plaintiff under the contract, and has since been retained by him, and therefore the plaintiff

cannot maintain an action for the value of the lumber, or for the price paid therefor, until he has returned the lumber delivered, or notified the defendant to remove it; that the contract is apportionable, and at least the value of the lumber delivered should be set off against the plaintiff's demand. The court, however, specifically found as a fact that the lumber put upon the plaintiff's premises by the defendant could not be used by the plaintiff to the best advantage, and that he never accepted it.

There was no error in holding that the plaintiff was entitled to recover the purchase price of the mill, as we are of the opinion that the evidence sustained the finding of fact. We think the rule is settled that, where the debtor has the election to pay either in money or property, if he fails to make tender on the day fixed for payment he thereby loses his election, and the obligee has the right to demand money. 25 Am. & Eng. Enc. Law, 909, and note; *Wyman* v. *Winslow*, 11 Me. 398 (26 Am. Dec. 542); *Robbins* v. *Luce,* 4 Mass. 474. We are also satisfied that the defendant was bound to tender the whole amount of the lumber, as plaintiff was not bound to accept a part only. *Vance* v. *Bloomer*, 20 Wend. 196; *Roberts* v. *Beatty*, 2 Pen. & W. 69 (21 Am. Dec. 418).

Some other questions are raised which we do not deem important to discuss, as we think the court reached the right conclusion.

The judgment must be affirmed.

The other Justices concurred.