STONE v. PONTIAC, OXFORD & NORTHERN RAILROAD CO.

1. EQUITY—PARTIES—STOCKHOLDERS' BILL.
   Stockholders who are alleged to have participated in the wrongful acts complained of are proper parties to a stockholders' bill against the corporation and its officers and stockholders, though no specific relief against them is prayed.

2. SAME—MULTIFARIOUSNESS—MISJOINDER OF COMPLAINANTS.
   A stockholders' bill, alleging violation of a contract with complainant S., and praying that one of the officers be required to account for official misconduct, that the officers refund certain unauthorized salaries, that certain unauthorized dividends be refunded, that certain acts of the directors be set aside, and that a receiver be appointed, is not multifarious because it joins with S. certain stockholders whose interests in the corporation were acquired after the making of such contract with S.

3. SAME—BILLS—MULTIFARIOUSNESS—MATTERS CONSIDERED.
   Though the prayer of a bill is not controlling in determining the question of multifariousness, it is to be considered.

4. SAME—REMEDY AT LAW.
   That the violation of a contract with complainant is one of the wrongful acts complained of does not relegate complainants to their remedy at law.

5. SAME—MULTIFARIOUSNESS.
   A bill is not rendered multifarious by introducing averments of fact and a prayer for relief based thereon to which complainant is not entitled.

Appeal from Oakland; Smith, J. Submitted January 17, 1905. (Docket No. 59.) Decided March 7, 1905.

Bill by Charles H. Stone, individually and as executor of the last will and testament of Augusta W. Stone, deceased, and others, against the Pontiac, Oxford & Northern Railroad Company and others for an accounting, and for the appointment of a receiver. From an order overruling demurrers, defendants appeal. Affirmed.

*Angell, Boynton, McMillan & Bodman* (*Howard Mansfield*, of counsel), for complainants.

*John H. Patterson* and *Henry M. Campbell*, for defendants.

MONTGOMERY, J. This is an appeal from an order of the circuit court, in chancery, of Oakland county, overruling demurrers separately by the railroad company and by the individual defendants Sanford and Carroll.

It is difficult to state the contents of the bill within reasonable limits without incurring the risk of omitting matter deemed material by counsel, but we think the salient features may be stated as follows: Complainants are stockholders in the defendant corporation. All the stock held by them was derived by complainant Stone, either as an individual or in a representative capacity, by virtue of a contract signed June 19, 1902, by all of the defendants except Margaret Porter, W. C. Sanford, and Frank H. Carroll. This contract provided, amongst other things, that 4,000 shares of stock in defendant company should be placed in escrow with a trust company named, and that unless prior to the 5th of January, 1903, the sum of $280,-000 should be paid to complainant Stone, the stock should be delivered to him, and that in the meantime no act should be committed which would impair the value of the stock. The bill alleges unlawful and unauthorized acts of the defendant Hugh Porter and other defendants which in this interim did impair the value of the stock. The bill also alleges prior and subsequent maladministration of the affairs of the company by defendant. The bill prays that defendant Porter account for his official misconduct, that defendants Porter and O'Brien be required to refund certain unauthorized salaries drawn by them under the pretended authority of a vote of the board of directors which was without validity, that the amount of a dividend declared without lawful authority be refunded, that certain illegal acts of the board of directors be set aside, and that

the affairs of the corporation be wound up through a receiver. There was also a prayer for general relief.

The defendants Sanford and Carroll interposed a separate demurrer, on the ground that it appears by the bill that they have no interest in the matters set forth in the bill. The demurrer of the railroad company rests upon two grounds: *First,* that the bill is multifarious; and, *second,* that complainants have an adequate remedy at law.

As to the demurrer of the defendants Sanford and Carroll, the bill alleges their participation in the wrongful acts charged, and, notwithstanding the fact that no specific relief is charged against them, we think they are proper parties to the bill.

The claim is made that there is a misjoinder of complainants, inasmuch as complainant Stone seeks relief for the violation of the agreement of June 19, 1902, and complainants Barbour and Sells rest their claims on their ownership of stock acquired January 5, 1903. No different question is presented by this contention than that which is involved in the main issue, which is whether this is a bill to enforce the contract of June 19, 1902, in any such sense as is claimed by defendant. If such is the purpose of the suit, it may follow that the bill is multifarious, and that the demurrer should be sustained on this ground. We are, however, upon full consideration, agreed that the bill should not be so read.

It is true the contract is set out, and in the view of complainants this was certainly proper, if not essential, as showing the relations of complainants to the stock, and as showing that complainants from the date of such contract had an equitable interest in the 4,000 shares of stock, or, at the least, that they occupied such a position with reference thereto that defendants are not in position to assert that the present holders of that stock are estopped from asserting the misconduct of defendants and predicating a claim for relief thereon. That the averments of the contract are introduced for this purpose is evidenced by the

prayer, and, while the prayer is not controlling in determining the question of multifariousness, it is to be considered.   14 Enc. Pl. & Prac. 203.

The same considerations furnish an answer to the contention that complainants should seek their remedy at law.

It is also contended that the bill challenges transactions which preceded the settlement of June 19, 1902, and which were adjusted by that settlement; that, if complainants seek to occupy the position of stockholders, they must accept the condition of the company as it existed at that time; and that the introduction of these averments renders the bill multifarious.

If the defendant is right in asserting that complainants are not in position to question the dealings of the individual defendants with the corporation which occurred prior to June, 1902 (a point which we do not decide), the bill is not rendered multifarious by introducing such averments, or prayer for relief to which complainants are not entitled.   1 Daniell's Chancery Pl. & Prac. 346, note; 14 Enc. Pl. & Prac. 205.

Our conclusion is that the demurrers were properly overruled.   The order will be affirmed, with costs, and the cause remanded.

McALVAY, GRANT, BLAIR, and OSTRANDER, JJ., concurred.