PHILIP LIPPS and Others, Appellants, *v.* GABE LANG, Respondent.

First Department, October 30, 1925.

**Sales — corporate stock — rescission by buyer and action to recover price paid on ground of breach of contract through failure to deliver stock — time of delivery was not specified — question for jury whether defendant waived delivery of entire stock within reasonable time by accepting part — verdict for plaintiffs sustained by evidence.**

In an action to recover the purchase price of corporate stock based on a violation of the contract for the sale thereof in that the defendant did not deliver all of the stock purchased, it was a question for the jury whether the defendant waived delivery of the stock within a reasonable time, the time of delivery not being specified in the contract, by accepting and retaining that part of the stock which was actually delivered.

The verdict of the jury in favor of the plaintiffs, to the effect that the plaintiffs did not waive delivery of all the stock within a reasonable time, is supported by the evidence, since it appears that at the time part of the stock was delivered the defendant promised to call on the plaintiffs and adjust the matter, and that thereafter the plaintiffs demanded and continued to demand the delivery of the entire number of shares and stated that they were holding the shares actually delivered for defendant's benefit.

APPEAL by the plaintiffs, Philip Lipps and others, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 7th day of May, 1924, granting defendant's motion to set aside the verdict of the jury and directing a new trial.

*Max Schleimer,* for the appellants.

*Reuben Myron Cohen,* for the respondent.

McAvoy, J.:

The plaintiffs had a verdict in this action for $5,000 damages upon a complaint which alleged that defendant sold fifty shares of common stock and fifty shares of preferred capital stock of the Siebler Clothes Company to plaintiffs for $5,000; that plaintiffs paid in advance to the respondent the $5,000; that defendant delivered fifty shares of the preferred stock and ten shares of the common stock, and that respondent breached the agreement by failing to deliver the balance of the forty shares of the common stock which he agreed to deliver within a reasonable time. The plaintiffs thereupon, because of the failure of defendant to keep the agreement, offered to return the fifty shares of the preferred stock and ten shares of the common stock of the company and demanded return of the $5,000.

The trial court set the verdict of the jury aside after the finding

for the plaintiff, on the ground that according to the memorandum written at the time of the parties' agreement there was no specified time for delivery of the stock and plaintiff could only rescind because of delay upon giving notice requiring performance at a time specified in the notice.

The evidence shows that defendant received $5,000 for the stock in question on March 17, 1921. Seven days thereafter he wrote plaintiffs that he could only allot ten shares of the common stock and fifty shares of the preferred to them, although his agreement, as evidenced by the receipt for the $5,000, called for fifty shares of each kind of the capital stock. In fact the respondent recognized this obligation by requesting a change of the receipt to ten shares instead of fifty, and, apparently, expected to call on plaintiffs thereafter to adjust the matter because he concluded his letter by saying: " Will see you when I get East early next week." This failure to remit the forty shares of common stock and arbitrarily reducing the shares sold, was a breach of the contract which would justify repudiation of the whole agreement by plaintiffs, the buyers; but apparently they waited in response to respondent's promise to call as indicated in his letters, and after he failed to call, telephoned that unless balance of the stock was forthcoming the plaintiffs would demand their money and hold the stock for account of the defendant. Defendant then promised that he would see what he could do for the plaintiffs and would get the stock for them in the course of a couple of weeks. In May, 1921, two months after the original deal, plaintiffs again complained that they had not received the forty shares of stock, and defendant promised to send it to them. In June plaintiffs again telephoned and said they were holding the sixty shares of stock for defendant's benefit, and on August 22, 1921, wrote defendant that they had waited long enough for the delivery of the balance of the forty shares of stock, " and inasmuch as you did not live up to our arrangement, we concluded to return to you the fifty shares of the preferred stock and the ten shares of the common stock," and demanded the $5,000 by return mail. Defendant called on plaintiffs and plaintiffs told him on several occasions that they wanted the balance of the stock and demanded the refund of the $5,000.

On September 2, 1921, after this suit was commenced, the defendant tendered to the plaintiffs the balance of forty shares of the common stock contracted to be delivered, but the letter which accompanied this tender stated that defendant was not obliged to deliver these shares of common stock. Since there was no time fixed for the delivery of the stock, it was the duty

of the seller to tender the certificates sold to the buyer within a reasonable time without any further demand, and his failure to do that gave the buyer the right to refuse to proceed with the contract.

The only question here was whether or not the conduct of the buyer in receiving the fifty shares of preferred stock and ten shares of the common stock waived the condition as to delivery within a reasonable time of the other forty shares. If the condition was once waived it could not be imposed again without notice. If it were not waived the buyer could refuse to proceed with the contract. (*Trainor Co.* v. *Amsinck & Co., Inc.,* 236 N. Y. 392.) It was, therefore, a question of fact whether or not the forty shares of stock due under the original agreement were delivered within a reasonable time under all the circumstances. The jury apparently found that whatever plaintiffs did in connection with the receipt of the sixty shares of stock, they did not waive the condition of the delivery of the balance of the forty shares of stock within a reasonable time, and that the tender after suit was commenced was not effective to restore the parties to their original status. There was no necessity at any time for a formal demand for delivery of the balance of the stock. Plaintiffs' conduct throughout indicated that it was not intended to waive the condition of the delivery of the entire purchase. At any rate, under the testimony of the plaintiffs to the effect that they continuously indicated their intent to return the part delivered subsequently, it was a question of fact as to whether or not there was any waiver of the condition of complete delivery of all the shares bought by the plaintiffs. The testimony of the plaintiff Bernard H. Lipps is that the stock was never accepted as part delivery on account, but was held for defendant's benefit throughout the transactions in which endeavors were made to secure compliance by defendant with his contract. The general verdict of the jury established this testimony as the fact, and we think, therefore, that the verdict of the jury was improperly set aside.

The order should be reversed, with costs, and the verdict reinstated, and judgment ordered to be entered thereon, with costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Order reversed, with costs, verdict reinstated and judgment ordered to be entered thereon, with costs.