HARRY KOULORIS, Plaintiff, *v.* SAMUEL **D. COHEN**, Doing Business under the Trade Name and Style of THE GRAND FIXTURE COMPANY, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, February 9, 1928.

Sales — rescission — action to recover portion of purchase price paid — goods were not delivered within time specified and part only was delivered — time and quantity are of essence of contract — plaintiff had right to rescind — plaintiff cannot recover liquidated damages stipulated in contract — amendment of complaint at opening not prejudicial — demand for wrong measure of damages not fatal.

The plaintiff seeks to recover the portion of the purchase price he paid for goods purchased from the defendant. The goods were not delivered within the time specified in the contract and only a portion of the goods were delivered. Both the time and the quantity were of the essence of the contract and upon the failure of the defendant to deliver as agreed the plaintiff had the right to rescind the contract, offer to return the goods delivered and sue to recover the amount paid on the purchase price. The plaintiff's offer to accept the goods after the expiration of the time limited did not amount to a waiver.

The contract stipulated that in case the goods were not delivered within the time specified the defendant would pay to the plaintiff certain liquidated damages. The plaintiff cannot recover liquidated damages in this action which is based on a rescission of the contract and not on its affirmance. He cannot rescind the contract and at the same time sue for breach.

No harm was done defendant by permitting the plaintiff to amend the complaint so as to demand damages which he could recover only in an action for breach, for the theory of the trial was that the contract had been rescinded, and the mere demand for an erroneous measure of damages is not fatal to plaintiff's action.

ACTION based upon an executed rescission of a contract for the sale of goods.

*John A. McGuinn*, for the plaintiff.

*Saul Godwin*, for the defendant.

HARAWITZ, J. The plaintiff seeks to recover the portion of the purchase price which he has already paid, and claims to have effected a rescission because of the failure to deliver the goods within the time specified in the contract.

The plaintiff operates a type of lunch room which is generally known as a coffee pot and entered into a contract with the defendant to buy fixtures for this coffee pot. The contract provided that these fixtures were to be delivered by July 16, 1927. A portion of these fixtures was delivered and the sum of $260 was paid. The balance of the fixtures, however, was not delivered.

It appears that after the expiration of the time provided in the contract for the delivery of the fixtures, the plaintiff undertook to rescind for failure to deliver, after first giving the defendant another opportunity to complete the delivery.

The evidence presented by the plaintiff establishes that delivery was not completed within the time set for delivery in the contract and that a proper rescission of the contract was effected. This evidence was not contradicted by the defendant, who offered no evidence and chose to rest on the plaintiff's proof.

It is well established that in a contract for the sale of goods, such as the contract in the case at bar, the provision that there must be a delivery within a specified time is, unless waived, regarded as of the essence of the contract. (*Croninger* v. *Crocker*, 62 N. Y. 151.)

In the case at bar it cannot be said that there was a waiver of the provision in the contract that the goods sold should be delivered within the specified time.

Indeed the evidence furnished by the plaintiff upon the trial of this action established, without any contradiction by the defendant, not only that the entire quantity of goods sold was not delivered within the time specified in the contract for delivery, but that, with respect to a substantial part of the goods sold, no attempt was made by the defendant to make even a late delivery thereof. Accordingly the plaintiff was justified in rescinding, not only for failure of the defendant to make full delivery within the time

specified, but also for a substantial failure of the defendant to deliver the quantity sold. Quantity has been held to be always of the essence of a sales contract. (*Beals* v. *Hirsch*, 214 App. Div. 86.)

It is a fact that some of the goods sold were delivered by the defendant within the specified time and were accepted by the plaintiff, but at the time the plaintiff accepted these goods he could not foresee that the remainder of the goods would not be delivered within the specified time, and indeed would not be delivered at all. After the plaintiff found that the remainder of the goods was not delivered within the specified time, the plaintiff offered to return the goods which he had already received and rescinded the entire contract. In doing so he was entirely within his rights. (*Lipps* v. *Lang*, 214 App. Div. 235.)

The plaintiff also seeks to recover not only the part of the purchase price he has already paid to the defendant, to wit, $260, but in addition thereto, damages under a clause in the contract of sale providing that in the event that the goods are not delivered within the time specified in the contract, the seller shall pay, as liquidated damages, the rentals thereafter accruing on the premises at which the plaintiff operates the coffee pot until such time as the contract shall be fully completed by the seller. I must hold, however, that the plaintiff cannot recover these liquidated damages, so called, because the plaintiff cannot rescind the contract of sale, and at the same time recover damages for a breach thereof.

The provision in the contract of sale with respect to liquidated damages was intended to apply only in the event that the purchaser should elect to affirm the contract in spite of late deliveries. If, however, the purchaser elected to rescind the contract, he cannot at the same time recover the liquidated damages which the contract provides should apply in case of a breach thereof.

It is clear that the purchaser elected to effect a rescission of the contract because of the failure of the seller to make seasonable deliveries. I hold that the rescission was properly effected.

The plaintiff thereafter commenced an action based upon this rescission.

At the commencement of the trial the plaintiff sought to amend his complaint. The motion to amend was framed in such language that it is difficult for the court to determine whether or not it is intended by this amendment to change the cause of action from one based upon rescission to one based upon breach of contract.

All the evidence offered by the plaintiff established a rescission of the contract of sale. No attempt was made to prove any cause of action other than one based upon rescission.

In cross-examining plaintiff's witnesses, defendant's counsel assumed that the cause of action which the plaintiff was attempting to prove was based upon a rescission. At the end of plaintiff's case, plaintiff's counsel stated that he elected to stand upon a rescission. The court, in order to be entirely fair to the defendant, gave his counsel every opportunity to recross-examine plaintiff's witnesses and to offer any further evidence that he might desire to combat plaintiff's cause of action, and the court even adjourned the case to the following day for the benefit of the defendant and in order that the defendant might secure and offer such further evidence as he desired to defeat plaintiff's case.

Under such circumstances no injustice was done to the defendant by the granting of plaintiff's motion to amend the complaint at the opening of the trial.

It cannot be said that the fact that the plaintiff demanded additional damages which he could recover only in an action for breach of contract is fatal to plaintiff's cause of action based upon rescission. Such a demand for a wrong measure of damages in a similar action was held not to be fatal to the action itself. (*Sorenson* v. *Keesey Hosiery Company, Inc.*, 244 N. Y. 73.)

The plaintiff elected to base his action, when he commenced it, upon an executed rescission. This election was final and irrevocable, and even if the plaintiff at a later time had attempted to reaffirm the contract and recover damages for a breach thereof, he could not do this, and a mere wrong move or mistake on the part of the plaintiff's counsel and a futile attempt by plaintiff's counsel to change the nature of the cause of action could not operate to defeat the plaintiff's right to recover money paid by him to the defendant under a contract which he had already rescinded. (*Clark* v. *Kirby*, 243 N. Y. 295.)

" Good faith and honest dealing," to use the apt phraseology of CRANE, J., in *Clark* v. *Kirby* (*supra*), require that the defendant return to the plaintiff the sum of $260 which the plaintiff paid to the defendant under the contract which the plaintiff, for good and sufficient reasons, has rescinded.

I, therefore, hold that the plaintiff is entitled to judgment against the defendant in the sum of $260, with interest from July 27, 1927. Let judgment be entered accordingly, and let execution be stayed for five days from the date of entry of the judgment.