WILLIAM H. ROSE & CO. v. CAWOOD.

1. Brokers—Conversion—Resale of Customer's Stock.
   Stock broker is guilty of conversion if he resells customer's stock without retaining control ,of sufficient similar stock to make delivery on demand and tender of balance of purchase price.

2. Same—Right to Recover Balance of Purchase Price.
   Stock broker who sold part of customer's stock is not entitled to recover balance of purchase price although he subsequently purchased sufficient similar stock to make delivery.

3. Same—Right to Rescind and Recover Deposit.
   Stock broker's conversion by reselling part of stock purchased for customer entitles customer to rescind and recover deposit.

Appeal from St. Clair; Robertson (William), J. Submitted July 28, 1931. (Calendar No. 35,882.) Decided October 5, 1931. Rehearing denied December 8, 1931.

Assumpsit by William H. Rose & Company, a Michigan corporation, against John Cawood on a contract to purchase shares of stock. Summary judgment denied. Plaintiff appeals. Affirmed.

*John R. Carrigan,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

Potter, J. December 10, 1930, plaintiff, a stock broker, sued defendant in assumpsit to recover a balance of $1,834 claimed to be due it on the purchase price of 800 shares of corporate stock, purchased by it on defendant's order. Defendant pleaded the general issue and gave notice, plaintiff

purchased 1,000 shares of stock on margin on his order, the transaction was illegal, contrary to public policy, the stock ordered purchased was not purchased and held for defendant, but in part sold by plaintiff, and claimed set-off for $500 paid down by defendant with his order of purchase. Plaintiff amended its declaration and claimed judgment for the full purchase price of 1,000 shares of stock, less $500 paid by defendant. Plaintiff sold 200 shares of the stock ordered by defendant to be purchased by plaintiff. It claims to have subsequently purchased or acquired sufficient stock so it has 1,000 shares of stock of the kind ordered by plaintiff on hand for delivery. Plaintiff moved for summary judgment, which motion the trial court denied, and plaintiff appeals.

The general rule is that a broker is guilty of conversion—

"if he resells or otherwise uses the stock in a manner inconsistent with the customer's ownership, without retaining control of sufficient similar stock, so that he is unable to make delivery on demand and a tender of his balance of the price. Such conversion precludes the stockbroker from recovering a balance due to him on the stock purchased, and the customer may at once rescind and recover the deposit and need not accept the tender of stock thereafter purchased or acquired." 9 C. J. pp. 544, 545.

The order of the trial court denying summary judgment is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.