WILLIAM H. ROSE & CO. *v.* CAWOOD.

1. JUDGMENT—DENIAL OF SUMMARY JUDGMENT.
    Denial of summary judgment for broker for purchase price of 1,000 shares of stock ordered by customer, because broker had sold 200 shares, was not *res judicata* of customer's liability for 800 shares.

2. BROKERS—OWNERSHIP OF STOCK PURCHASED ON MARGIN—PLEDGES.
    When broker purchases stock for customer on margin, latter becomes owner, and former pledgee, of stock.

On title to securities in possession of broker (or his pledgee) who has purchased them for or sold them to customer, see annotation in 41 A. L. R. 1258.

3. Same—Conversion—Rescission.
    Broker's sale of part of stock purchased on margin for customer, not in foreclosure of pledge, amounted to conversion, entitling customer to rescind whole transaction.

4. Same—Right to Recover Balance.
    Where customer failed to rescind contract for purchase of stock on margin because broker sold part of it, but recognized his continued ownership of balance by basing refusal to pay on ground that broker afterward sold it, broker, who was always able and willing to deliver balance, is entitled to recover price thereof.

5. Same—Customer's Remedies on Broker's Conversion.
    Where broker sold part of stock purchased on margin for customer, latter could treat it as assumption of ownership of shares sold by broker, repudiation of order to buy such amount, and use of his money by broker for his own benefit, and, on this theory, would be entitled to recover advance apportionable thereto; or he could treat sale as conversion, and recover damages as on ordinary conversion.

Appeal from St. Clair; George (Fred W.), J. Submitted April 21, 1932. (Docket No. 150, Calendar No. 36,472.) Decided June 6, 1932.

Assumpsit by William H. Rose & Company, a Michigan corporation, against John Cawood for the balance of the purchase price of shares of stock. Directed verdict and judgment for plaintiff. Defendant appeals. Modified and affirmed.

*Don R. Carrigan,* for plaintiff.

*Walsh, Walsh & O'Sullivan,* for defendant.

Fead, J. May 23, 1929, defendant gave plaintiff an order to purchase for him 1,000 shares of Bach Airplane Corporation stock, and advanced $500 thereon. Plaintiff made the purchase and notified defendant May 28th. June 27th, it wrote defendant

that it had sold 200 shares of the stock for his account and risk. The reason for the sale was not shown, and it is not claimed to have been in foreclosure of the pledge. July 2d, it wrote him that it was holding for his account 1,000 shares on which there was no delivery instruction, asked him how he wanted the stock handled, stated that unless it heard from him within a week it would be forced to sell on the open market, and asked for a reply.

Defendant said he was away from home from about June 1st to July 10th, and received these notices on the latter date. He made no reply to them, did nothing in the matter, and, late in the fall, when plaintiff told him, over the telephone, that it was holding 800 shares of stock for him, he replied that it had notified him that it had sold the stock, and, therefore, held none for him, and he refused to pay for it. The testimony is undisputed that at all times after the purchase plaintiff had 1,000 shares of the stock which it could have delivered to defendant on demand and payment.

At the trial, plaintiff tendered 1,000 shares of the stock, and had judgment on directed verdict for the price of the whole number, less the advance of $500.

Prior to trial, plaintiff moved for summary judgment for the purchase price of 1,000 shares of stock. The motion was denied, and the denial affirmed by this court in 255 Mich. 584. The purport of the opinion is that, because of the sale of 200 shares, under the facts disclosed by the affidavits, plaintiff was not entitled to judgment for 1,000 shares. The denial of judgment was not *res judicata* of liability for the 800 shares, even though, which we do not decide, proceedings on denial of summary judgment may be *res judicata* sometimes. Sec. 34 C. J. p. 763.

When plaintiff purchased the stock for defendant, the latter became the owner, and the former the pledgee, of the stock. *Austin* v. *Hayden,* 171 Mich. 38 (Ann. Cas. 1915B, 894); 41 A. L. R. 1258, note. Plaintiff's sale of the 200 shares was a conversion of them. 24 A. L. R. 452, note. Undoubtedly defendant was entitled to regard the conversion as a breach of contract and, rescind the whole transaction. *Crowl* v. *Goodenberger,* 112 Mich. 683; *Lipps* v. *Lang,* 214 App. Div. 235 (212 N. Y. Supp. 79). Instead of acting within a reasonable time by way of rescission, defendant not only took no action thereon but later recognized his continued ownership of the 800 shares, after sale of the 200 shares, by basing his refusal to pay on the basis that plaintiff had sold the stock in July. Under the testimony, the contract was not rescinded, plaintiff continually held for defendant 800 shares, was always able and willing to deliver them, and plaintiff is liable for the price thereof.

As plaintiff's duty as a broker required it to both buy and hold the stock for defendant (*Taussig* v. *Hart,* 58 N. Y. 425), the sale of 200 shares by it gave defendant the choice of two remedies with relation to them: First, he could treat it as an assumption of the ownership of the 200 shares by plaintiff, a repudiation of his order to buy such amount, and the use of his money by the broker for its own benefit, and, upon this theory, would be entitled to recover the advance apportionable thereto (*Shiel* v. *Stoneham,* 77 Misc. Rep. 125 (135 N. Y. Supp. 1024); or, second, he could treat the sale as a conversion of his property and recover damages as upon ordinary conversion, 4 R. C. L. p. 286.

Because of the theory upon which the case was tried, defendant has not made an election. To ter-

minate the litigation, we will assume that he would elect the remedy most advantageous to himself. This would render the judgment excessive, as plaintiff would be entitled to judgment only for purchase price of 800 shares of stock, less the advance of $500, with interest.

The cause will be remanded to the circuit court. If plaintiff will remit the excess of the judgment within 15 days, it will be so corrected and affirmed. Otherwise judgment will be reversed, and new trial ordered. Defendant will have costs of this court.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.