STOEPEL *v.* SATTERTHWAITE.

1. TRUSTS—WILLS—PARTICULARITY.
  A legacy of $2,000 in stock to a physician, for the purpose of carrying on the work of relieving suffering through a sanitarium conducted by him, is void for uncertainty of its beneficiaries.

2. SAME—STATUTES—WILLS—ESTATES OF DECEDENTS.
  Since a will speaks from the death of the testatrix, it is not affected by a statute which took effect after her decease. (Act No. 122, Pub. Acts 1907.)

Appeal from Lenawee; O'Mealey, J.  Submitted April 14, 1910.  (Docket. No. 40.)  Decided September 27, 1910.

Bill by Anna R. Stoepel and Mary S. Wilson against J. Newton Satterthwaite, executor of the last will and testament of Mary E. Sutton, deceased, and William H. Jones for a construction of said will.  From a decree for defendants, complainants appeal.  Reversed, and decree entered for complainants.

*William J. Ingersoll*, for complainants.

*Garland Gillespie* and *Bird & Sampson*, for defendants.

MOORE, J.  This is a suit to obtain a judicial construction of a provision in the last will of Mary E. Sutton, deceased.  The testatrix drew the will herself.  Her husband was dead.  Her daughters were both married and had good homes.  Mrs. Sutton had some ailment and was in the habit of going to Dr. Jones' Sanitarium at Adrian for treatment.  After her death, which occurred December 30, 1906, her will was admitted to probate.  The complainants, her daughters, filed this bill.  Clause 6 of the will is as follows:

"Having been at the Sanitarium many times and knowing personally the amount of charity work done in connection with his business, and feeling the importance of this work, I hereby give and bequeath to William H. Jones the sum of two thousand dollars ($2,000) or four shares of Calumet & Hecla copper stock, to be used as he sees best for carrying on the work of relieving suffering."

The court below considered the bequest as an absolute gift to Dr. Jones, and held that the testatrix did not intend to create a trust fund of the said bequest. In his opinion occurs the following:

"It was conceded on the argument by counsel for the defendant Jones that if the language in said paragraph can be interpreted and construed as creating a trust that it is void, and cannot be sustained, for the reason that the beneficiaries of the bequest are too indefinite and uncertain, being practically afflicted and suffering humanity. * * *

"I think Mrs. Sutton had a kindly heart, easily moved and affected by human suffering, particularly the afflictions of the poor and indigent, and that she, when at the sanitarium, had noted the amount of charity extended there to the needy, and, being pleased with and feeling very friendly towards Dr. Jones by reason thereof, gave him absolutely $2,000 or four shares of Calumet & Hecla copper stock to encourage the continuance of the work then being done by him in behalf of and for the relief of the needy and afflicted poor.

"It would be clear as to the character of the legacy if the words of gift stood alone. They would constitute an absolute gift of the legacy to Dr. Jones, and the language which precedes them was, I think, intended by the testatrix to state, express, and declare her reason, motive, and purpose in making an absolute gift of the legacy to Dr. Jones, and the language which follows them I do not think can be construed as cutting down or affecting the absolute character of the gift which she had previously made to him. They are expressions of faith and confidence on her part that the good work in which she found the doctor engaged would be carried on by him in the future as she had observed it in the past, and she doubtless expected that he would use the money she was giving him in relieving suffering, but there is nothing in the

clause which can be construed as indicating an intention on the part of the testatrix to make it obligatory on him to do so, and therefore the features of a precatory trust are wanting."

There is not very much conflict as to the law in this State, though counsel have cited many authorities. The decisions made in this State which bear upon the questions involved are *Hopkins* v. *Crossley*, 132 Mich. 612 (96 N. W. 499); *Trustees of Hillsdale College* v. *Wood*, 145 Mich. 257 (108 N. W. 675); *Abrey* v. *Duffield*, 149 Mich. 248 (112 N. W. 936); and *McPherson* v. *Byrne*, 155 Mich. 338 (118 N. W. 985), and the cases cited in the opinions filed in those cases.

The important question is What is the meaning of the language used by Mrs. Sutton? Was she interested in Dr. Jones as an individual, or was it the charitable work he was doing which she thought was important? Was the money to be used by him for his own personal use, or was it to be used to carry on the charitable work of relieving suffering humanity? To ask these questions is to answer them. It is clear the gift could be used only for the purpose of relieving suffering, if the will of the testator was to be given effect. For this reason, the gift must fail under the authorities cited. It is said the gift may be saved by reason of Act No. 122 of the Public Acts of 1907. It is not necessary to construe the provisions of that act, for the reason that it did not go into effect until nine months after the death of Mrs. Sutton, and the will must speak from her death.

The decree of the court below is reversed, with costs, and one may be entered here in accordance with this opinion.

OSTRANDER, HOOKER, MCALVAY, and BROOKE, JJ., concurred.