In re BROWN'S ESTATE.

1. PERPETUITIES—CHARITABLE BEQUESTS—STATUTES—VALIDITY.

Act No. 122, Pub. Acts 1907, providing that charitable bequests otherwise valid shall not be invalid by reason of the "indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same, nor by reason of the same contra-

vening any statute or rule against perpetuities," is constitutional.[1]

2. WILLS—CHARITABLE BEQUESTS—FAILURE TO COMPLY WITH CONDITIONS—ALTERNATIVE LEGACIES.

The next of kin cannot claim title to bequeathed property, although a charitable corporation to which is bequeathed property in trust for charitable purposes is unable to take because the trust is invalid as to it, where there are valid alternative legacies to two cemetery boards, as the title to the property would pass at the testator's death, *eo instanti*, to such boards, and although the bequest to one of the boards is inoperative because of failure to comply with the conditions imposed by the will, the other board, in such event, being entitled to the latter's share under the terms of the will.

3. EXECUTORS AND ADMINISTRATORS—PROBATE COURTS—ESTATES OF DECEDENTS.

Proceedings in the probate court in the matter of estates of deceased persons are proceedings *in rem*, or proceedings to determine the status of the estate, and not proceedings *inter partes* between the various claimants.

4. WILLS—CHARITABLE BEQUESTS—ALTERNATIVE LEGACIES.

The fact that alternative legatees of a charitable trust do not appeal from a decision of the probate court directing the disposition of the residue of an estate is not important.

Error to Calhoun; North, J. Submitted April 3, 1917. (Docket No. 16.) Decided December 27, 1917.

Mary E. Winsor presented her final account as executrix of the last well of Charles Pratt Brown, deceased. On order of final distribution, Calista R. Eastman petitioned for distribution to her as sole heir at law. On the death of petitioner, Joseph J. Kennedy, administrator with the will annexed, was substituted in her stead. The will was sustained in the probate court and an order of final distribution entered, from which order petitioner appealed to the circuit

[1]For authorities passing on the question of right to enforce general bequest for charity or religion, generally, see comprehensive note in 14 L. R. A. (N. S.) 49, specifically as to effect of rules against perpetuities, see page 66 of said note. 37 L. R. A. (N. S.) 993.

court. Judgment affirming the order of the probate court. Petitioner brings error. Affirmed.

*Chamberlain, Denby, Webster & Kennedy (George B. Andrews,* of counsel), for appellant.

*Charles L. Dibble,* for appellee Ella E. M. Brown Charitable Circle, legatee.

*Winsor & Miller,* for appellee executrix.

*James W. Mackey,* City Attorney *(George H. Southworth,* of counsel), for appellee city of Marshall, alternative legatee.

STONE, J. Charles Pratt Brown died on the 24th day of July, 1910, being at the time of his decease an inhabitant of the city of Marshall, Mich. He left a last will and testament bearing date December 1, 1908, a copy of which appears in the record. This will was duly admitted to probate by the probate court for Calhoun county on August 23, 1910, and no appeal was taken from the order. Upon the admission of said will to probate, the execution thereof was committed, and the administration of the estate was granted to Mary E. Winsor, the executrix named in the will, who gave a proper bond, and letters testamentary were issued to her. As such executrix she filed, in due course, an inventory of said estate embracing personal property appraised at $32,844.73, and several parcels of real estate appraised at $4,861.90, one of which parcels of real estate was the home residence of the testator, located at the northwest corner of Prospect and High streets, Marshall. The will is a very lengthy document, consisting of a preamble, embodying explanatory or introductory matter, and the body of the instrument consists of 18 paragraphs or items. The 1st, 2d, 3d, 13th, 14th, 16th, 17th, and 18th paragraphs concern the interment of testator's body, the erection of a suitable monument on his burial

lot in Oakridge Cemetery, at Marshall, Mich., and the care and maintenance of said lot, the payment of just debts and expenses of funeral and last sickness, the care and maintenance of a cemetery lot at Richmond, Vt., where relatives of testator are buried, the filling of the vacancy to be caused by death, removal, resignation, or incapacity of the executrix or trustee, certain directions in favor of a sister of testator's deceased wife, and the naming of Mary E. Winsor as sole executrix and trustee of his will; and relative to those paragraphs there is no controversy involved in this appeal.

The 4th paragraph of said will is as follows:

"It is my will and I hereby give, devise and bequeath unto my executrix hereinafter named, but in trust only for the purpose or purposes hereinafter stated and set forth, seventy-five per cent. of all my property remaining after the payment of the bequests hereinbefore and hereafter set forth, the same to be held and invested by my executrix as trustee, for a period not longer than two years from the date of the probating of this, my last will and testament, and then, or before if possible, pay over to the trustees of a corporate society composed of citizens and residents, male or female or both, of the city of Marshall, Michigan, who have become legally incorporated under the laws of the State of Michigan, for charitable and benevolent purposes, and to be incorporated under the name of 'Ella E. M. Brown Charitable Circle,' with power to take, receive and be endowed, and safely keep and protect from loss, the bequests herein made, for the purpose of endowing in part an institution in the city of Marshall, to be operated forever by such charitable and benevolent organization or its successors, and to be called and named 'Brown Hospital,' and to be located, established and maintained by said organization or corporation from the income only of my bequests, with all the assistance that may be received or given by charitably inclined persons of the said city of Marshall and elsewhere, and that the building or buildings used and controlled by said corpora-

tion for the purposes of said hospital, shall be located on the site and premises of my present home residence at the northwest corner of Prospect and High streets in the city of Marshall, Calhoun county, Michigan, said bequests in this, my will, made for the purposes aforesaid within the time aforesaid. And should said association have become incorporated as aforesaid and with sufficient safeguards to safely keep and administer my bequests, using only the income thereof, for any purposes whatsoever, it shall before receiving any of the benefits of these, my bequests, or any other or further bequests, by its charter or by-laws, make adequate and sufficient provisions for the absolute safety of all moneys and property devised, bequeathed and committed to the custody of the officers and trustees of such corporation, to prevent loss, default or dishonesty of any of such officers and trustees to the injury of the institution or depletion of the bequests and gifts hereby made. And when all such bequests and enactments as are heretofore stated and set forth, have been complied with within the time aforesaid, then and not until then shall my said executrix as trustee, pay over said bequests to said corporation."

The 5th paragraph prescribes the qualifications of the officers and managers of the corporation contemplated by the 4th paragraph.

The 6th paragraph is as follows:

"It is my will and I hereby direct, that the object of these bequests shall be the support and maintenance of 'Brown Hospital,' for the use and benefit of such patients and afflicted and injured people, as may be cared for by said association and corporation, without regard to sex, color or condition, and that those able to pay for the benefits received, with care, nursing and medical attendance in said hospital, shall be charged such reasonable sums therefor as said officers, managers and trustees may by their laws from time to time determine and specify, and may admit into said hospital and care for those so admitted in like manner as they may deem proper and as their income and funds may permit, although such patients may be poor and unable to pay."

The 7th paragraph is as follows:

"It is my will and I hereby give, devise and bequeath unto my executrix hereinafter named, but in trust only for the purpose or purposes hereinafter stated and set forth, twenty-five per cent. of all my property, both real and personal, remaining after the bequests in the second and third paragraphs of this, my will, have been performed and paid, the same to be held and invested by my said executrix as trustee for a period not longer than two years from the probating of this, my last will and testament, and then or before if possible, pay over to the trustees of a corporate society composed of citizens and residents, male or female, or both, of the town of Richmond, State of Vermont, who shall have become legally incorporated under the laws of the State of Vermont, for charitable and benevolent purposes, and to be incorporated under the name of 'Laura Whitney Brown Charitable Circle,' with power to take, receive and be endowed and safely keep and protect from loss, the bequests herein made for the purpose of endowing in part, an institution in the town of Richmond, State of Vermont, to be operated forever by such charitable and benevolent organization or its successors, and to be known and called 'Brown Hospital,' and to be located, established and maintained by said organization or corporation from the income only of this, my bequest, with such assistance as may be received or given by charitably inclined persons of the State of Vermont and elsewhere, and that the building or buildings used and controlled by said corporation for the purpose of said hospital shall be located in the town of Richmond aforesaid. Said bequest in this, my will, made for the purpose aforesaid within the time aforesaid. And should said association have become incorporated as aforesaid and with sufficient safeguards to safely keep and administer my bequest under the laws of the State of Vermont, using only the income thereof for any purpose whatsoever, it shall before receiving any of the benefits of this, my bequest, or any other or further bequest, by its charter or by-laws make and provide adequate and sufficient provisions for the absolute safety of all moneys and property devised, bequeathed and committed to the custody of the officers and trustees

of such corporation, to prevent loss, default or dishonesty of any of such officers and trustees to the injury of the institution or depletion of the bequest and gift hereby made. And when all such bequests and enactments as are hereinbefore stated and set forth to be performed, have been completed within the time aforesaid, then and not until then shall my said executrix as trustee, pay over said bequest to said corporation."

The 8th paragraph prescribes the qualifications of the officers and managers of the corporation contemplated by paragraph 7.

The 9th paragraph defines the object of the bequest as set forth in paragraphs 7 and 8, and is substantially in the same language as paragraph 6, above quoted.

The 10th paragraph is as follows:

"It is my will and I hereby direct, that should such legal society and corporation in the city of Marshall, with all of the required conditions as set forth in the 4th, 5th and 6th paragraphs of this, my will, be not formed or in existence and ready to take and receive said property within the time limited, to wit, two years from the probating of this, my said will, then in that case I hereby devise and bequeath all of the seventy-five per cent. of my said property together with all interest, subject to the bequests hereinbefore and hereinafter made, and hereby direct my said executor or trustee to forthwith pay the same over to the corporation, should there be one formed and in existence as set forth in the 8th and 9th paragraphs of this, my will, if said corporation is legally prepared to receive and administer the funds as in said 8th and 9th paragraphs contained."

The 11th paragraph is as follows:

"It is my will and I hereby direct, that should such legal society and corporation in the town of Richmond and State of Vermont with all of the required conditions as set forth in the 8th and 9th paragraphs of this, my will, be not formed and in existence and ready to take and receive said property within the time limited therein, to wit, two years from the date of the probat-

ing of this, my will, then in that case I hereby devise and bequeath twenty-five per cent. of my said property, together with all interest thereon, subject to the bequests hereinbefore and hereinafter made, and hereby direct my executrix or trustee to forthwith pay the same over to the Ella E. M. Brown Charitable Circle of the city of Marshall, Michigan, provided said last-mentioned society has been incorporated and perfected as hereinbefore in my said will set forth."

The 12th paragraph is as follows:

"Should neither of said corporations or associations in Marshall, Michigan, or Richmond, Vermont, be incorporated under the laws of said States as hereinbefore set forth, and not be ready to receive, accept and take legally the moneys and property hereinbefore willed to them under the conditions in said will contained, in the time, to wit, two years from the probating of my said will, then in that case it is my will and I hereby direct that seventy-five per cent. of my property, less the bequests hereinbefore and hereinafter set forth, shall be paid over to the cemetery board of control of the city of Marshall, Michigan, they to receive and invest the same in permanent interest bearing securities and the income therefrom to be used by said cemetery board of control forever for beautifying and improving Oakridge cemetery in the city of Marshall. And that 25 per cent. of all of my property, save and except the amounts hereinbefore and hereinafter devised, shall be paid to a cemetery board which has been or will be formed to accept and receive the same, in the town of Richmond, State of Vermont, the same to be invested by said board in good interest bearing securities, and the income therefrom to be used by said board of control forever for the beautifying and improving of the cemetery in said town of Richmond where my father, Stephen Uriah Brown, and my mother, Laura Whitney Brown and their children are now buried."

The 15th paragraph is as follows:

"It is my will and I hereby direct, that should either of said societies or corporations formed and incorporated to receive the bequests hereinbefore set forth,

for any reason ever cease to occupy or use the hospitals or to occupy the same as an active association, then and in that case, it is my will and I hereby direct that said bequest to said hospital which ceases to operate as aforesaid, shall be void and the same shall revert to and become the property of the other hospital and corporation formed to receive the same as hereinbefore in this my will set forth, they to have and receive the same under the same conditions as hereinbefore devised and bequeathed to them. And should both of said societies or corporations formed and incorporated to receive the bequests herein set forth or for any reason both cease to occupy or use the hospitals or cease to occupy the same as active associations, then in that case it is my will and I hereby direct that the bequests hereinbefore made to said associations shall become void, and all of said property shall revert to and become the property of the said cemetery boards of control in Marshall, Michigan, and Richmond, Vermont, as in my said will set forth, in the same proportions as I have disposed of the same to said cemetery boards of control in this, my will, set forth."

The executrix proceeded in due course with the administration of decedent's estate, and on May 10, 1913, filed in the probate court her final account. It showed property on hand, real estate $3,820, and personal property $32,525.23. Some of the real estate had been sold.

After the filing of said account, and prior to the hearing thereon, Calista R. Eastman, the appellant herein, filed her petition in said probate court, alleging, among other things, that she was the aunt of said Charles Pratt Brown, deceased, and his next of kin, and as such aunt and next of kin was his sole heir at law and legal distributee; that effect could not be given or allowed to the devises, bequests, and directions in the will of said decedent contained, except those embodied in the 1st, 2d, and 3d paragraphs, and in such part of paragraph 18 as appointed Mary E. Winsor the executrix thereof, for the reason that said

devises, bequests, and directions constituted an attempted disposition by the decedent of his property and estate, invalid and void under the laws of the State of Michigan, and that accordingly she, as the next of kin and sole heir at law, was entitled to such residue as might be found remaining in the hands of said executrix upon the hearing of her said final account, and praying *inter alia,* that the devises, bequests, and directions aforesaid might be declared invalid and void, and that such residue might be assigned to her as next of kin and sole heir at law of said decedent.

Such proceedings were thereafter had and taken in said probate court in connection with said final account that on December 29, 1913, a decree or order of said court was made and entered allowing the said final account as stated, finding that there remained to be assigned to the person or persons, corporation or corporations, entitled thereto, a residue of personal estate of the value of $32,524.90 in said order and decree specified and itemized, and of real estate consisting of several pieces or parcels in said order or decree particularly described; directing also that two specific legacies of $300 each be paid to the cemetery boards at Richmond, Vt., and Marshall, Mich., for perpetual care and maintenance of certain cemetery lots; and ordering that the balance, personal and real, of said residue be assigned to the Ella E. M. Brown Charitable Circle, the corporation which, as determined by the findings of said order and decree, had been duly and seasonably formed by the citizens of the city of Marshall, and that any and all interest, income, rents, and profits arising from all of said estate, since the filing of the final account of said executrix up to the date when the said executrix transferred said estate to said corporation, the Ella E. M. Brown Charitable Circle, should be paid to said cor-

poration, less reasonable expenses, etc. Said Calista R. Eastman duly appealed from said order or decree to the circuit court.

The Ella E. M. Brown Charitable Circle was organized under Act No. 171 of the Public Acts of Michigan of 1903 (2 Comp. Laws 1915, § 9054 *et seq.*), which provides for the incorporation of associations not for pecuniary profit. The articles of association were dated and executed on July 25, 1912, and duly recorded during that month.

Such proceedings were had and taken in the circuit court upon such appeal that on or about October 2, 1915, judgment was entered therein by said court affirming in all things said order and decree of said probate court, and remanding the cause to that court for such further proceedings as should be fit and proper in the premises. At the final hearing of said appeal in the circuit court, appellant's counsel filed written request for findings of fact and law, and in compliance with such request the circuit judge, in rendering his decision, made and filed written findings of fact and law as follows:

"Findings of Fact.

"(1) I find as a matter of fact that Charles Pratt Brown died on, to wit, the 24th day of July, 1910, and at the time of his death he was an inhabitant of the city of Marshall, Calhoun county, Mich., and that he left as his last will and testament the instrument purporting to be such on file in the probate court in the proceedings from which this appeal has been taken.

"(2) I further find that the provision in said will by which a conditional gift was made to the citizens or residents of Richmond, Vt., has not become operative by reason of a failure to comply with the conditions precedent embodied in such bequest.

"(3) I also find that all of the conditions precedent to the vesting of the bequest provided in said last will and testament for the Ella E. M. Brown Charitable Circle have been complied with.

"Findings of Law.

"(1) I find as a matter of law that Act No. 122 of the Public Acts of 1907 is constitutional, and therefore valid and in full force and effect.

"(2) I also find as a matter of law that the instrument purporting to be the last will and testament of Charles Pratt Brown is such in fact and in law and is valid and binding in its provisions.

"(3) I further find as a matter of law that the provision in said last will and testament whereby the Ella E. M. Brown Charitable Circle is made the residuary legatee under said will is valid and effective, and that the title of the residue of said estate has vested in the said Ella E. M. Brown Charitable Circle.

"(4) It is also determined as a matter of law that the order made in the probate court in the estate of Charles Pratt Brown, deceased, from which this appeal was taken, was a valid order and that the same ought to be affirmed."

The learned circuit judge in his general finding also said:

"Exhaustive briefs have been filed by the respective counsel and duly considered. In addition to this, oral arguments have been heard, and the case was finally submitted after the decision of the Supreme Court in the case of *Loomis* v. *Mack*, 183 Mich. 674 (150 N. W. 370). After giving the matter a good deal of consideration, I am of the opinion that the bequests should be held to be valid. I am brought to this conclusion not only by the conviction that it is the duty of the court to follow the law as it was finally adjudicated in the case above cited, which amounted to a confirmation of the holding of the circuit court, but, even in the absence of this decision, I would be of the opinion above expressed. Certainly Act No. 122 of the Public Acts of 1907 was intended to cover a field of much-needed legislation, and it ought to be sustained, unless the constitutional objections urged against it are such as to foreclose such a holding. In addition to this, the last session of the legislature passed an act (Act No. 280, Pub. Acts 1915) which was intended to legalize gifts of this character, even assuming that it would be otherwise invalid; and while it may be a question

as to what, if any, effect this latter can have upon this litigation which was pending in court at the time the act became a law, still it plainly indicates the desire and intention of the legislature."

No exception to the findings, or appeal from the judgment of the court based thereon, has been had or taken by or on behalf of the city of Marshall, or by or on behalf of the cemetery board of control of said city. Said city and its board of cemetery trustees, by their attorney, appeared in the probate court as parties in interest under the will, but did not there contest the validity of any portion of said will, nor deny the authority or right of the Ella E. M. Brown Charitable Circle to receive the devises and bequests therein provided in its behalf; neither was any appeal taken by said city or its cemetery board from the order or decree of distribution entered by the probate court. The city, however, entered its appearance in the circuit court, and was permitted, over objection of appellant's counsel, to introduce in evidence certain sections of its charter and ordinances defining its powers in reference to cemeteries, and the receipt and administration of moneys for the care and maintenance thereof; also evidence of the ownership by the city of a cemetery known as Oakridge Cemetery, the management thereof under authority of the city charter by a cemetery board of control, and the ownership of a burial lot therein by the testator at the time of his death. The city did not, in the circuit court, deny the validity of any portion of the will, nor question the right of the Ella E. M. Brown Charitable Circle to take thereunder, but, as stated in open court by the city attorney, the purpose of its appearance, in both the probate and circuit courts, was merely to show that the city, "on behalf of the cemetery board of control," was qualified to take under the will, "if for any reason the court should hold that the Ella E. M.

Brown Charitable Circle is not a proper receiver under the will."

Appellant, in due course, proposed findings, of fact and law as amendments of, and in lieu of, such original findings. The court denied appellant's application in so far as it asked that said proposed findings of fact and law be made in lieu of the court's said original findings, but found certain of said proposed findings of fact to be true and established in the case.

Appellant's proposed finding of fact No. 12 was denied. It was as follows:

"That the Ella E. M. Brown Charitable Circle, of Marshall, Mich., has not complied with the conditions precedent to the vesting in it of the bequest provided in said last will and testament of said deceased."

Said findings of law Nos. 4 and 6, as proposed by appellant and allowed by the court, are, respectively, as follows:

"(4) I do further determine as a matter of law that the citizens and residents of the town of Richmond, Vt., can take nothing under the provisions of the 7th, 8th, 9th, 10th, and 15th paragraphs of the will of Charles Pratt Brown."

"(6) I do further find as matter of law that the alternative bequest of the cemetery board, which has been or will be formed to accept and receive the same in the town of Richmond, Vt., is inoperative, and that the said cemetery board can take nothing under the provisions of the said will of Charles Pratt Brown."

Said finding of law No. 5, which was allowed by the court with modification, was, as proposed by appellant, as follows:

"I do further find as matter of law that the city of Marshall, Mich., can take nothing under the alternative bequests and devises embodied in the 12th and 15th paragraphs of the said will of Charles Pratt Brown."

This finding was modified as follows:

"And further I find as I am requested in the proposed finding of law number 5, but with this modification, that in the event of the failure of the Ella E. M. Brown Charitable Circle to take title to the bequest made thereto by the terms of the will of said Charles Pratt Brown, then I find as a matter of law that the city of Marshall would take title to said bequest."

Among the things found as established facts in the case by the court was the finding that Calista R. Eastman was the next of kin and sole heir at law of said deceased.

Exceptions to the findings of fact and law, as finally made by the court, were duly filed on behalf of appellant. The case is here upon writ of error, with assignments of error covering the questions presented.

After perfecting her appeal in this court, Calista R. Eastman died testate in Vermont, the State of her domicile, and her will, after due probate there, was admitted to probate as a foreign will, pursuant to the statute, in this State, and Joseph J. Kennedy was appointed administrator with the will annexed of said estate. He, having qualified, has been substituted as appellant here.

The contention of appellant is that all the trusts attempted to be created by this will are void, and that, the scheme of disposition of the residue of testator's estate through them being illegal, such residue must go to his next of kin as intestate estate. The grounds of the contention are:

(1) That, if otherwise valid, the trusts must fail because they all involve and are builded upon the suspension of the absolute power of alienation of real estate for a period of time and not measured by life.

(2) That, aside from the suspension of alienation, the trusts are invalid as being perpetuities for uncertain and indefinite objects and beneficiaries.

1.. The suspension of the power of alienation. This branch of appellant's argument is based on the provisions of chapter 237, 3 Comp. Laws (3 Comp. Laws 1915, chap. 220), relating to estates in real property, and particularly sections 8796 and 8797 (3 Comp. Laws 1915, §§ 11532, 11533) thereof. Attention is called to the fact that the provisions of this chapter were originally enacted in the State of New York, and later adopted literally into the statutes of Michigan; that by a construction of the above-named sections placed upon them prior to their adoption in Michigan, and since uniformly adhered to, the courts of New York have held in many cases that the statute itself fixes an absolute and exclusive rule for limiting suspension of the power of alienation of real estate, and that the period of suspension permitted by section 8797 can in no case be measured by time alone, but must be based on the duration of life, or lives not exceeding two, in being, and that an attempted suspension for a period of time, however short, not in some form confined to the duration of a life or two lives, falls within the provisions of section 8796 declaring the future estate limited on such suspension to be "void in its creation"; that this is so because the statute fixes no time, but only the duration of lives in being, not exceeding two, as the permissible measure of suspension; and that any period of time, however short, whether expressed in time units or determinable by any other measure of duration or contingency not circumscribed by a life or two lives in existence, exceed the duration of any two lives in being; and that the test to be applied to determine the validity of the suspension in a given case is not that it *must* exceed the duration of two lives in being under all circumstances, but whether by any possibility it *may* do so under any circumstances. Counsel cite *Coster* v. *Lorillard,* 14 Wend. (N. Y.) 265; *Hawley* v.

*James,* 16 Wend. (N. Y.) 61, and many other cases in support of this contention, and many Michigan cases, among which are *State* v. *Holmes,* 115 Mich. 456, 459 (73 N. W. 548) ; *FitzGerald* v. *City of Big Rapids,* 123 Mich. 281, 283 (82 N. W. 56) ; *Casgrain* v. *Hammond,* 134 Mich. 419, 429 (96 N. W. 510, 104 Am. St. Rep. 610).

2. It is urged by counsel for appellant that the trust for the establishment and maintenance of Brown Hospital, in the city of Marshall, is a perpetuity, and for use of indefinite and uncertain beneficiaries, and is void for these reasons under the law of Michigan as declared in the following cases: *Methodist ·Episcopal Church* v. *Clark,* 41 Mich. 730 (3 N. W. 207) ; *Hopkins* v. *Crossley,* 132 Mich. 612 (96 N. W. 499) ; *Stoepel* v. *Satterthwaite,* 162 Mich. 457 (127 N. W. 673) ; *Wheelock* v. *Tract Society,* 109 Mich. 141 (66 N. W. 955, 63 Am. St. Rep. 578) ; *Lounsbury* v. *Burial Ass'n,* 170 Mich. 645, 647 (129 N. W. 36, 137 N. W. 513).

It is urged that it follows that this trust must fail, for the reasons stated, unless the law, as declared in the above-cited cases, has been changed by Act No. 122 of the Public Acts of 1907, and that this, in turn, depends upon the validity of that act. Attention is called to the fact that the constitutionality of that statute was sustained by the equal division of this court. Counsel for the appellee Ella E. M. Brown Charitable Circle calls attention to the fact that section 8839 (3 Comp. Laws 1915, § 11575), contains a fifth clause, which does not appear in the New York statute, to wit:

"For the beneficial interest of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time prescribed in this title."

It is also pointed out that the New York statute

respecting restraints on alienations applies to personal property as well as real estate, while our statute applies only to real estate, and that consequently in this State, unlike New York, the rule against perpetuities as to personal property is that of the common law; citing *Penny* v. *Croul,* 76 Mich. 471 (43 N. W. 649, 5 L. R. A. 858) ; *Toms* v. *Williams,* 41 Mich. 552, 562 (2 N. W. 814) ; *Ledyard's Appeal,* 51 Mich. 623, 625 (17 N. W. 208).

It is the claim of counsel for said appellee that the bequest to it is valid, and that the appellant cannot complain of the judgment below for the following reasons: (1) Because this appellant has no standing in court, since he would not be entitled to the residue, even if the bequest to the Brown Charitable Circle were invalid; that if the judgment below was erroneous, neither Mr. Kennedy, as administrator, nor Mrs. Eastman, had she lived, would have had any right to complain of that fact, for the reason that Mrs. Eastman did not in any event become entitled to the residue of that estate; for in the event that the bequest to the Brown Charitable Circle failed, because it could not "take legally" the moneys and property, then the gift was vested at once in the alternative legatees, the cemetery boards; and that the fact that these alternative legatees did not appeal does not foreclose their rights. (2) Because, if there were any invalidity in either of the respects contended for by counsel for appellant, it is cured by Act No. 122 of the Public Acts of 1907, as supplemented by Act No. 280 of the Public Acts of 1915, and that both are constitutional, and that the latter act was operative when judgment below was entered. (3) That, even if these acts were unconstitutional, the gift contained in the will was not in violation of the rule against perpetuities, even as to the real estate, and that, in so far as the personal estate is

concerned, the will is valid, and that the two species of property are separable, and if for any reason this court should hold the gift of the real estate invalid it should sustain the gift as to the personalty.

2. Taking up the second point of appellee, it seems to us that, if Act No. 122 of the Public Acts of 1907 is to be held constitutional, it covers, controls, and disposes of both of appellant's main propositions. The first section of that act is as follows:

"No gift, grant, bequest or devise to religious, educational, charitable or benevolent uses which shall in other respects be valid under the laws of this State, shall be invalid by reason of the indefiniteness or uncertainty of the persons designated as the beneficiaries thereunder in the instrument creating the same, nor by reason of the same contravening any statute or rule against perpetuities. If in the instrument creating such a gift, grant, bequest or devise, there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes, shall vest in such trustee. If no trustee shall be named in said instrument, or if a vacancy occurs in the trusteeship, then the trust shall vest in the court of chancery for the proper county, and shall be executed by some trustee appointed for that purpose by or under the direction of the court; and said court may make such orders or decrees as may be necessary to vest the title to said lands or property in the trustee so appointed."

In January, 1915, this court, in *Loomis* v. *Mack*, 183 Mich. 674 (150 N. W. 370), by an equal division, held that act constitutional. Its title was attacked. By Act No. 280 (3 Comp. Laws 1915, § 11099 *et seq.*) the legislature of 1915 amended the title, and broadened somewhat the language of section 1. Section 3 provided that—

"all gifts, grants, devises or bequests made in pursuance to the provisions of act number one hundred twenty-two of the Public Acts of nineteen hundred

seven, and of the acts amendatory thereof, and all proceedings and acts performed in accordance therewith are hereby validated."

This is significant at least as showing the changed policy of the State upon the subject as expressed by the legislature. Act No. 122, Pub. Acts 1907, until repealed by the broader act of 1915, laid down a new policy, which has been followed for more than 10 years. It has been acted upon as a rule of property. In my opinion we should declare the original act constitutional and effective. I think that act controlling of the instant case, and that the judgment of the circuit court should be affirmed.

While not necessary to the disposal of the case, I am of the opinion that appellee's first position, that appellant has no standing in court because of the alternative legacies to the cemeteries, is well taken, and that the rule as stated in *Cruikshank* v. *Home for the Friendless*, 113 N. Y. 337 (21 N. E. 64, 4 L. R. A. 140), applies; and that, if the Ella E. M. Brown Charitable Circle could not have taken, as matter of law the property would have passed at the testator's death, *eo instante*, to the cemeteries named, notwithstanding the sixth conclusion of law as found, that the bequest to the cemetery board of Richmond, Vt., is inoperative. This is an appeal from a decision of the probate court directing the disposition of the residue of an estate. The nature of the proceeding does not materially differ from a chancery suit for the construction of a will.

We think it is settled in this State that proceedings in the probate court in the matter of estates of deceased persons are proceedings *in rem*, or proceedings to determine the status of the estate, and not proceedings *inter partes* between the various claimants. *Allison* v. *Smith*, 16 Mich. 405, 416; *Stevens* v. *Hope*, 52 Mich. 65 (17 N. W. 698).

And the fact that the alternative legatees did not appeal is not important.  So, in any view of the case which we are able to take, the conclusion reached by the learned circuit judge was correct, and the judgment below is affirmed, with costs to the appellee.

KUHN, C. J., and OSTRANDER, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.