JOHN ROBINSON HOSPITAL v. CROSS.

1. TRUSTS — TESTAMENTARY LEGACY FOR CHARITABLE PURPOSE —
   LAPSING.
   Testamentary legacy to trustee to use income in his best judg-
   ment for maintenance of room and bed in settlor's name in a
   designated hospital *held,* not to have lapsed where conditions
   imposed have been continuously met although there has been a
   change in ownership and management.

2. WILLS—CHARITABLE BEQUEST—CONSTRUCTION.
   A charitable bequest should be liberally construed (3 Comp. Laws
   1929, §§ 13512, 13513).

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE.
   Claim that testamentary bequest violated law as to perpetuities,
   not raised in statements of questions involved, is not passed
   upon by Supreme Court on appeal from determination made as
   to lapsing of legacy.

WIEST and BUTZEL, JJ., dissenting.

Appeal from Allegan; Collins (Joseph H.), J.,
presiding. Submitted January 13, 1937. (Docket
No. 78, Calendar No. 39,303.) Decided April 21,
1937. Rehearing denied May 21, 1937.

Bill by John Robinson Hospital, a Michigan cor-
poration, against Orien S. Cross, trustee under the
will of Marilla Griswold, deceased, for construction
of the terms of a will and for an accounting. Decree
for defendant. Plaintiff appeals. Reversed and re-
manded for further proceedings.

*Leo W. Hoffman (Harry C. Howard,* of counsel),
for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant.

BUSHNELL, J. Marilla Griswold of Allegan, who died February 27, 1918, made the following bequest in her last will and testament:

"To Orien S. Cross as trustee for the use and benefit of the Griswold room and bed at the John Robinson Hospital, the sum of five thousand dollars. Same to be invested by him and the income used according to his best judgment to maintain said Griswold room and bed."

The plaintiff is a corporation organized in 1930 by Dr. William A. Kopprasch who in 1924 took over the 25-bed John Robinson Hospital formerly operated by Dr. A. L. Robinson, the son of John Robinson for whom it is named. The hospital had been conducted through a similar corporation by Dr. Robinson until 1924. In the interval between 1924 and 1930, Dr. Kopprasch operated the hospital and maintained the same name for the institution registering it under the assumed name act, 2 Comp. Laws 1929, §§ 9825–9829.

While Dr. Robinson was in charge of the operations of the John Robinson Hospital Corporation, the defendant trustee supplied funds for the maintenance of the Griswold room to a Mrs. Wilder, who has been connected with the administrative work of the hospital since 1912. She testified that the premises have been operated as a hospital during the entire time. Judge Cross, the trustee, testified that he paid Mrs. Wilder all the income from the trust until Dr. Kopprasch "took the hospital over * * * none of the fund has been paid to anyone since Dr. Kopprasch took possession of the hospital."

The instant action is to construe the meaning of the provision of the will heretofore quoted, to require an accounting of the income of the trust and

to require the trustee "to pay over to the hospital authorities such sum as, under the construction of said will, is now due to this plaintiff."

Defendant says plaintiff has no claim to the trust funds or income and "that said hospital having ceased to exist as a charitable institution, the provisions of said will have ceased to be valid and are un-' enforceable and void in that they violate the law as to perpetuities," etc.

The trial judge filed an opinion in which he reviewed the history of the operation of the hospital from 1916 and referred to a bill in chancery filed in 1926 to quiet title to the land, in which cause the circuit court entered a decree upholding the reverter clause in the deed to the former John Robinson Hospital Corporation. In that matter, the court found that the hospital had ceased to be operated as a charitable institution and because of the language of the deed forbidding its operation directly or indirectly for private profit, there was a reversion of the title to the original grantees.

We quote a part of the opinion upon which the present decree is based:

"The question is, what effect did these transactions have upon the bequest by Marilla Griswold to Orien S. Cross in trust for the use and benefit of the Griswold room and bed at the John Robinson Hospital and for the maintenance thereof, it appearing that such a room was so maintained at the hospital at the time of the execution of the will by the testator and also at the time of her death, and at such time the John Robinson Hospital was being conducted as provided in the deeds of conveyance of the land?

"It is apparent that the John Robinson Hospital mentioned in the bequest is not the John Robinson

Hospital plaintiff here, it is also true that the first corporation had in effect ceased to function and had lost, according to a decree of this court, all interest in the hospital property.

"It is also apparent by a decree of this court that the hospital ceased to be conducted as a charitable institution in 1924, and was thereafter conducted and is now conducted by Dr. Kopprasch for his personal profit if any there may be.

"It is also apparent that after the execution of the will and the death of the testator the hospital picture entirely changed, and to such an extent that the testator, if she were alive today, would no longer recognize it.

"After due consideration of the evidence and the able briefs of counsel the court is of the opinion that when the hospital was no longer operated as a charitable institution the bequest lapsed and became and is a part of the residue of the Marilla Griswold estate. No costs are allowed herein."

Both Dr. Robinson and Dr. Kopprasch operated the institution under the same name and their respective corporations were organized under Act No. 242, Pub. Acts 1863 and the general corporation act of 1921 (see 2 Comp. Laws 1929, § 10086), the present statute being Act No. 327, § 157 *et seq.*, Pub. Acts 1931. Act No. 84, Pub. Acts 1921 (general corporation act of 1921) repealed Act No. 242, Pub. Acts 1863. Both corporations, according to Mrs. Wilder, accepted patients who were charged for services and some county patients whose bills were paid by the board of supervisors. The Griswold room has always been used 'for both as well as for private cases for which neither management received any payment.

Mrs. Griswold was a stranger to the title to the property although she was "a very close friend"

of Mrs. Chichester, the mother-in-law of Dr. A. L. Robinson, Mrs. Chichester and the Robinsons being at one time joint owners of the property. When the hospital was built, Mrs. Chichester and others also furnished rooms therein for patients.

The testimony of the testamentary trustee, who was called for cross-examination by the plaintiff, indicates that he is not in sympathy with the manner in which the hospital is now being operated; but the language of the trust is silent as to any restrictions upon the use of the income so far as ownership of the enterprise is concerned.

The will of Mrs. Griswold contains many bequests indicating much care on the part of the testatrix in disposing of her property. She established the following worthy memorials to the Griswold name. To the Congregational Church of Allegan, $10,000 for the Marilla Griswold Memorial Fund; to the University of Michigan $10,000, the income to be used to help needy students, preferably those from Allegan county; to the State Agricultural College at Lansing, $2,000 for the same purposes; to the city of Allegan, $2,000, the income to be used to purchase books and the money earmarked as the Marilla Griswold Library Fund; to the Children's Home of St. Joseph, $5,000, the income to be used for its support; to the Lucy Thorley Lyons Home for Crippled and Delicate Children, $2,000 for the same purpose and to the city of Allegan, $100,000 for the purpose of erecting a hall to be known as the Griswold Auditorium. She also created two educational funds of $5,000 each for certain children who are specifically identified therein by name.

The only bequest in which Mrs. Griswold named an individual trustee was the one in question and the only restrictions imposed were the designation of

the room, the name of the hospital in which it was to be maintained and the imposition therein of the exercise of "his best judgment" on the part of her trustee.

Appellee does not argue that the withholding of income is solely in the exercise of his best judgment. He takes the positive position that the legacy has lapsed and the trial court agreed with this view.

There is no connection between the will and the litigation concerning the title to the land on which the hospital is erected. Mrs. Griswold desired to provide funds for the maintenance of a specifically designated room in a certain hospital. The John Robinson Hospital, which she identified, is still operating; the Griswold room was located therein before the death of the testatrix and although no trust funds have been used for this purpose for some years, the Griswold room has been maintained as such ever since the establishment of the trust. The settlor did not require that the John Robinson Hospital be operated in a certain manner; it was sufficient so far as she was concerned that it contained a room bearing the Griswold name. The only conditions she imposed have been continuously met and the legacy has not lapsed by a change in ownership or management.

A charitable bequest should be liberally construed. *Wansted* v. *Fisher,* 278 Mich. 68, and see 3 Comp. Laws 1929, §§ 13512, 13513 quoted therein.

The broad intent of the testatrix (for hospital purposes) has been defeated by the narrow position taken by her trustee (for nonprofit purposes) and the subsequent decree of the circuit court was based upon the trustee's incorrect understanding of his trust. The validity of the bequest is not questioned

and the suggested violation of the law as to perpetuities is not raised in the statements of questions involved and we do not pass upon that matter. The trustee should carry out the terms of his trust.

The decree is reversed and the cause remanded for further proceedings in the nature of an accounting and for the entry of a decree below in conformity to this opinion. Costs to appellant.

FEAD, C. J., and NORTH, SHARPE, POTTER, and CHANDLER, JJ., concurred with BUSHNELL, J.

BUTZEL, J. (dissenting). By the will of Marilla Griswold, a trust was created, the income from which was to be used for the maintenance of the Griswold room and bed at the John Robinson Hospital, a corporation organized and existing for charitable purposes. The land on which the present hospital stands was originally conveyed by other persons, the deed therefor providing the purposes for which the hospital was to be used and particularly that it should be operated "in no manner directly or indirectly for private profit or dividend-paying to anyone" and that in the event the hospital should cease to be operated for the purposes stated, the land was to revert to certain named persons. The corporation ceased to operate the hospital in 1923, and for a short period the county took it over. In March, 1924, the hospital evidently closed for a very short period and the land reverted to the parties named in the deed. The latter sold the hospital to William Kopprasch who took possession of the building and operated it for his own private profit. He filed an assumed name certificate showing that he was doing business as the John Robinson Hospital and continued to do business in this manner from 1924 until

1930, whereupon Dr. Kopprasch and his two non-resident brothers incorporated the hospital as a nonprofit corporation, the three brothers being named as trustees and officers. There was introduced in evidence the decree in a previous case rendered in 1926 in which the persons named in the reverter clause of the above mentioned deed were plaintiffs and Dr. Kopprasch was defendant and wherein the court, in accordance with the reverter clause in the original deed, definitely determined that the hospital was no longer being run for charitable purposes. While the defendant in the instant case was not a party to the previous case, nevertheless the pleadings and decree were properly admitted in evidence to show the finding of the court that the hospital ceased to be run for charitable purposes in 1924.

The decisive question is: What was the intention of the testatrix? Did she intend to maintain a room as a monument or memorial in an institution run by an individual for private profit, or did she intend to maintain and name a room in a charitable institution? The latter was plainly her intention and the will must be construed accordingly. At the time the will was executed as well as when it was probated, the John Robinson Hospital was a charitable institution. It seems extremely unlikely that the testatrix would have left a trust for the benefit of the private business of an individual whom it is possible she did not even know at the time.

A somewhat similar question arose in *Stoepel* v. *Satterthwaite,* 162 Mich. 457, where the court said:

"The important question is What is the meaning of the language used by Mrs. Sutton? Was she interested in Dr. Jones as an individual, or was it the charitable work he was doing which she thought

was important? Was the money to be used by him for his own personal use, or was it to be used to carry on the charitable work of relieving suffering humanity? To ask these questions is to answer them. It is clear the gift could be used only for the purpose of relieving suffering, · if the will of the testator was to be given effect. For this reason, the gift must fail under the authorities cited."

We hold, therefore that the gift to the John Robinson Hospital; as the testatrix knew it, failed in 1924 when the institution was taken over for private profit, there being no longer any charitable purpose.

The opinion for reversal seems to indicate that a trust for a hospital, conducted primarily for private profit, would be valid. A trust is not a charitable trust if the property or the income therefrom is to be devoted to a private use. See 2 Restatement of the Law of Trusts, § 376. The record shows that from 1924 to 1930 the hospital was operated primarily as the private business of Dr. Kopprasch. The general rule is that all trusts, except charitable trusts, must have definite beneficiaries who can enforce them. Trusts for charity, however, are intended to benefit large groups of persons and their enforcement is left with the attorney general. A trust for a noncharitable purpose and where no definite beneficiary is designated is sometimes termed an "honorary trust." In such cases, payment by the trustee, while permitted, is not enforceable at law or in equity because there is no beneficiary who can compel the enforcement of the terms of such a trust. Section 124, 1 Restatement of the Law of Trusts, provides as follows:

"Where the owner of property transfers it upon an intended trust for a specific noncharitable purpose, and there is no definite or definitely ascertain-

able beneficiary designated, no trust is created; but the transferee has power to apply the property to the designated purpose, unless he is authorized by the terms of the intended trust so to apply the property beyond the period of the rule against perpetuities, or the purpose is capricious."

Assuming the trust in the instant case may be regarded as an "honorary trust" and not void under the rule against perpetuities nor made for a capricious purpose, nevertheless the trustee cannot be compelled to carry out its terms if he does not choose to do so. We quote from 1 Restatement of the Law of Trusts, § 124, comment (a):

"Where property is transferred to a person upon an intended trust for a specific noncharitable purpose, and there is no definite or definitely ascertainable beneficiary, the transferee is not under a duty and cannot be compelled to apply the property to the designated purpose, since there is no beneficiary to enforce the intended trust. It is not enforceable as a charitable trust by the attorney general, or other officer of the State, since the purposes are not charitable purposes."

In comment (b) it is said:

"If he (the trustee) refuses to apply it (the property) to the designated purpose, he will be compelled to hold it upon a resulting trust for the settlor or his estate."

When the John Robinson Hospital ceased to be operated as a charitable institution in 1924, the gift for the maintenance of the Griswold room and bed failed and there arose a resulting trust to the residuary estate.

Inasmuch as the bequest was restricted to a particular purpose in a designated charitable institu-

tion which ceased to function in 1924, the legacy ended. We do not believe it is a situation where the doctrine of *cy pres* is applicable when for six years the corporation was run as a business by a private individual, notwithstanding the fact that at the end of the six years, the proprietor of the business, together with his brothers, brought their organization under Act No. 84, Pub. Acts 1921 (2 Comp. Laws 1929, § 9943 *et seq.*), as a trustee corporation.

Plaintiff stresses the fact that his conduct of the hospital both as an individual and through the corporation was unprofitable and that as a matter of fact hospitals as a rule are run at a loss. The indirect benefits accruing to the physician owning a private hospital or being associated with one and the exemption from taxation extended to charitable institutions incorporated under the laws of this State are not shown by the record. We believe, however, that the running of the hospital as a private business by an individual and then by him and his two brothers as a trustee corporation, did not constitute the present entity a successor of the John Robinson Hospital, the charitable corporation to which the testatrix specifically intended to leave the income from the trust. It having been thus left specifically for one purpose, the doctrine of *cy pres* is not involved. Under the facts as presented, a charitable bequest that has lapsed for six years cannot be revived.

The decree of the lower court should be affirmed, with costs to defendant.

Wiest, J., concurred in the result.